JONES DAY
John A. Vogt, Bar No. 198677
javogt@jonesday.com
Cheryl L. O'Connor, Bar No. 173897
coconnor@jonesday.com
Ryan D. Ball, Bar No. 321772
rball@jonesday.com
Matthew T. Billeci, Bar No. 329014
mbilleci@jonesday.com
3161 Michelson Drive, Suite 800
Irvine, California 92612.4408
Telephone: +1.949.851.3939
Facsimile: +1.949.553.7539

Attorneys for Defendants
EXPERIAN DATA CORPORATION, EXPERIAN INFORMATION SOLUTIONS, INC., EXPERIAN PLC, and TAPAD, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ARIEL GILLIGAN and LOGAN MITCHELL, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

EXPERIAN DATA CORPORATION, EXPERIAN PLC, EXPERIAN INFORMATION SOLUTIONS, INC., and TAPAD, INC.,

Defendants.

Case No. 3:25-cv-02873-RFL

**DEFENDANTS EXPERIAN DATA CORPORATION, EXPERIAN PLC, EXPERIAN INFORMATION SOLUTIONS, INC. AND TAPAD, INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING ITS MOTION TO DISMISS THE COMPLAINT**

Date: September 18, 2025
Time: 10:00 a.m.
Courtroom: 15

Date Action Filed: March 27, 2025

Defendants Experian Data Corporation, Experian Information Solutions, Inc., Experian PLC, and Tapad, Inc. (collectively, "Experian") files this Notice of Supplemental Authority regarding its Motion to Dismiss the Complaint ("Motion," ECF No. 26), which it filed on July 11, 2025. On August 26, 2025, *Popa v. Microsoft Corp*. the Ninth Circuit affirmed the District Court's order dismissing the Plaintiff's privacy claims predicated on website tracking technologies for lack of Article III standing. No. 24-14, 2025 WL 2448824 (9th Cir. Aug. 26, 2025). A true and correct copy of the *Popa* decision is attached hereto as **Exhibit 1**.

The Ninth Circuit held, among other things, that the plaintiff did not suffer a concrete injury because she "d[id] not explain how the tracking of her interactions with the [defendant's] website caused her to experience any kind of harm that is remotely similar to the 'highly offensive' interferences or disclosures that were actionable at common law. . . . [The plaintiff] identifie[d] no embarrassing, invasive, or otherwise private information collected by [the tracking technology]. Indeed, the monitoring of [the plaintiff's] interactions with [the defendant's] website seems most similar to a store clerk's observing shoppers in order to identify aisles that are particularly popular or to spot problems that disrupt potential sales." *Id*. at 14.

Experian respectfully requests this Court consider this supplemental authority in deciding Experian's Motion (ECF No. 26).

Dated: August 28, 2025

JONES DAY

By: */s/ John A. Vogt*
John A. Vogt

Attorneys for Defendants
EXPERIAN DATA CORPORATION,
EXPERIAN INFORMATION SOLUTIONS,
INC., EXPERIAN PLC, and TAPAD, INC.