**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Kaili C. Lynn (State Bar No. 334933)
Joshua R. Wilner (State Bar No. 353949)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com
klynn@bursor.com
jwilner@bursor.com

**BURSOR & FISHER, P.A.**
Philip L. Fraietta (State Bar No. 354768)
50 Main Street, Suite 475
White Plains, NY 10606
Telephone: (914) 874-0710
Facsimile: (914) 206-3656
E-mail: pfraietta@bursor.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARIEL GILLIGAN and LOGAN MITCHELL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EXPERIAN DATA CORPORATION, EXPERIAN PLC, EXPERIAN INFORMATION SOLUTIONS, INC., and TAPAD, INC.,<br><br>Defendants. | Case No. 3:25-cv-02873-RFL<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY PENDING RESOLUTION OF ARBITRATION**<br><br>Date: January 6, 2026<br>Time: 10:00 a.m.<br>Ctrm: 15, 18th Floor<br>Judge: Hon. Rita F. Lin |

# TABLE OF CONTENTS


PAGE

INTRODUCTION .......... 1

LEGAL STANDARD .......... 2

ARGUMENT .......... 3

I. THE *ZHEN* ARBITRATION DEMANDS SEEK ONLY TO DETERMINE THE ARBITRABILITY OF THEIR CLAIMS AND THUS DO NOT OVERLAP WITH THE INSTANT LITIGATION .......... 3

II. PLAINTIFFS WILL BE PREJUDICED BY A STAY OF THIS LITIGATION .......... 4

III. DEFENDANTS WILL NOT BE PREJUDICED BY LITIGATING THIS MATTER .......... 5

IV. JUDICIAL ECONOMY WILL NOT BE FOSTERED BY A STAY OF THIS ACTION .......... 7

CONCLUSION .......... 7

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Abrahamyan v. Citibank N.A.*,
2025 WL 1720192 (C.D. Cal. June 9, 2025) .......... 4

*Avilez v. Pinkerton Gov't Servs., Inc.*,
596 F. App'x 579 (9th Cir. 2015) .......... 2

*Blair v. Rent-A-Center, Inc.*,
2017 WL 4805577 (N.D. Cal. Oct. 25, 2017) .......... 3

*Blankenship v. Hearst Corp.*,
519 F.2d 418 (9th Cir. 1975) .......... 6

*Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*,
490 F.3d 718 (9th Cir. 2007) .......... 5

*Brooks v. Greystar Real Est. Partners, LLC*,
2024 WL 3489205 (S.D. Cal. July 19, 2024) .......... 7

*Chen v. Bank of Am., N.A.*,
2020 WL 4561658 (C.D. Cal. Mar. 31, 2020) .......... 6

*Congdon v. Uber Techs., Inc.*,
226 F. Supp. 3d 983 (N.D. Cal. 2016) .......... 3, 4

*Hansber v. Ulta Beauty Cosms., LLC*,
640 F. Supp. 3d 947 (E.D. Cal. 2022) .......... 3, 6

*Hartsock v. Discover Bank*,
2022 WL 21769172 (C.D. Cal. Sept. 29, 2022) .......... 4

*In re Ring LLC Priv. Litig.*,
2021 WL 4557222 (C.D. Cal. Sept. 3, 2021) .......... 6

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
2011 WL 1753784 (N.D. Cal. May 9, 2011) .......... 7

*Ireland-Gordy v. Tile, Inc.*,
760 F. Supp. 3d 946 (N.D. Cal. 2024) .......... 1, 2, 6

*Ireland-Gordy*,
760 F. Supp. 3d (cleaned up) .......... 4

*Madrid v. De La Cruz*,
2019 WL 2994301 (E.D. Cal. July 9, 2019) .......... 5

*Maree v. Deutsche Lufthansa AG*,
2021 WL 4352912 (C.D. Cal. June 21, 2021) .......... 4, 5

*McLellan v. Fitbit, Inc.*,
2017 WL 4551484 (N.D. Cal. Oct. 11, 2017) .......... 5

*Mora v. Harley-Davidson Credit Corp.*,
2012 WL 1189769 (E.D. Cal. Apr. 9, 2012) .......... 2

*Noriega v. Citibank*,
2022 WL 2167454 (C.D. Cal. Apr. 4, 2022) .......... 6

*Parrish v. Gordon Lane Healthcare, LLC*,
2023 WL 7107267 (C.D. Cal. Sept. 26, 2023) .......... 2

*Seaman v. Am. Express Nat. Bank*,
2024 WL 4745472 (C.D. Cal. June 12, 2024) .......... 7

*Torres v. City of Madera*,
2005 WL 8163161 (E.D. Cal. Jan. 3, 2005) .......... 6

*Tu v. Experian Information Solutions, Inc.*,
2025 WL 1134612 (S.D. Cal. Apr. 16, 2025) .......... 1, 4, 5, 6

*United Commc'ns Hub, Inc. v. Qwest Commc'ns, Inc.*,
46 F. App'x 412 (9th Cir. 2002) .......... 2

Plaintiffs Ariel Gilligan and Logan Mitchell ("Plaintiffs") respectfully submit this Opposition to Defendants Experian Data Corporation, Experian PLC, Experian Information Solutions, Inc., And Tapad, Inc.'s ("Defendants") Motion to Stay Pending Resolution of Arbitration (ECF No. 44) (the "Motion" or "Mot.").

**<u>INTRODUCTION</u>**

There is no legitimate reason to halt the progress of this case. So Defendants manufactured one. Plaintiffs are not bound to any arbitration clause. But plaintiffs in the *Zhen* case[1] are. So, waiting until *after* their motion to dismiss was taken under submission, Defendants now seek to stay the instant action until the resolution of arbitration demands in the *Zhen* matter. But the caselaw does not support staying the claims of the two Plaintiffs here, who are not in any way, shape, or form bound to arbitrate their claims against Defendants. *See*, *e.g.*, *Ireland-Gordy v. Tile, Inc.*, 760 F. Supp. 3d 946, 964 (N.D. Cal. 2024) (Lin, J.) (denying motion to stay claims as to "non-arbitrating parties" where defendants did "not maintain that any Plaintiff has agreed to arbitrate their claims against it"). Indeed, courts have rejected attempts by Defendants themselves to stay proceedings by parties without an arbitration agreement pending the resolution of an arbitration. *See Tu v. Experian Information Solutions, Inc.*, 2025 WL 1134612, at *11-13 (S.D. Cal. Apr. 16, 2025).

Moreover, Defendants' depiction of the *Zhen* arbitrations is misleading. The *Zhen* arbitrations will determine only whether the *Zhen* plaintiffs' claims fall within the scope of the arbitration clause in the first place. *See* Fraietta Decl. Ex. 1 ¶ 1 ("This demand seeks a declaratory judgment stating this dispute is not subject to compulsory arbitration and that Claimant may pursue his claims in court."); *see also Zhen*, ECF No. 18 ("Plaintiffs filed arbitration demands against Defendants with the American Arbitration Association to adjudicate the issue of whether Plaintiffs' claims are subject to arbitration."). The *Zhen* arbitrations, as currently brought, will not involve a determination of the merits of the underlying claims, will not involve any discovery, and will thus not result in a duplication of labor. At worst, the *Zhen* arbitrations will broaden or narrow the scope of the proposed class. But as no class has yet been certified, it will have no present effect on the

---

[1] *Zhen v. Experian Data Corporation*, Case No. 3:25-cv-00948-RFL (N.D. Cal.).

instant action where the named Plaintiffs are not bound to arbitration, and will not prejudice Defendants. *See*, *e.g.*, *Mora v. Harley-Davidson Credit Corp.*, 2012 WL 1189769, at *15 (E.D. Cal. Apr. 9, 2012) ("[U]ntil a class is certified … unnamed Class members are not parties to this action, and their claims are not at issue.")[2] And staying this matter pending the resolution of the arbitrability arbitration—when it has not even been determined that the arbitration clause the instant claims—would prejudice Plaintiffs.

Simply put, there is no reason why the instant action and the *Zhen* arbitrations should not proceed simultaneously. Defendants' Motion should be denied.

## LEGAL STANDARD

"[W]here some, but not all, claims are subject to arbitration, it is within a district court's discretion whether to stay" or proceed with the litigation on the non-arbitrable claims." *Ireland-Gordy*, 760 F. Supp. 3d at 964 (cleaned up). "In deciding whether to stay non-arbitrable claims, a court considers economy and efficiency, the similarity of the issues of law and fact to those that will be considered during arbitration, and the potential for inconsistent findings absent a stay." *Id.* (cleaned up). The Ninth Circuit has expressed "a preference for proceeding with the non-arbitrable claims when feasible." *United Commc'ns Hub, Inc. v. Qwest Commc'ns, Inc.*, 46 F. App'x 412, 415 (9th Cir. 2002).

[2] Defendants claim that "The different arbitration status among the Plaintiffs … demonstrates that this class action cannot be certified" because "certification would require this Court to conduct an individual assessment of every potential class member to determine whether they executed Experian's arbitration agreement." Motion at 5 n.7. Not so. Defendants' own records clearly show who executed an arbitration agreement with Experian (*e.g.*, the *Zhen* plaintiffs) and who did not (*e.g.*, Plaintiffs here), making it easy to weed out individuals who are subject to arbitration. *Avilez v. Pinkerton Gov't Servs., Inc.*, 596 F. App'x 579, 579 (9th Cir. 2015) (reversing denial of class certification and ordering lower court to exclude individuals who signed class action waivers from class definition). And "[c]ourts have [] held the presence of agreements to arbitrate with some of the unnamed Class members does not defeat class certification." *Mora v. Harley-Davidson Credit Corp.*, 2012 WL 1189769, at *13 (N.D. Cal. Apr. 9, 2012). The issue in *Parrish v. Gordon Lane Healthcare, LLC*, 2023 WL 7107267, at *7 (C.D. Cal. Sept. 26, 2023), was in part that "nearly all of the members of the purported class appear to have signed arbitration agreements," thus preventing the proposed class from meeting numerosity.

## ARGUMENT

### I. THE *ZHEN* ARBITRATION DEMANDS SEEK ONLY TO DETERMINE THE ARBITRABILITY OF THEIR CLAIMS AND THUS DO NOT OVERLAP WITH THE INSTANT LITIGATION

Defendants argue that a stay "is appropriate given that the claims in the present case and the *Zhen* arbitration are grounded in identical facts and legal theories." Mot. at 4:21-22 (cleaned up). Not so. The *Zhen* plaintiffs have only brought arbitration demands to determine the issue of arbitrability. Fraietta Decl. Ex. 1 ¶ 1 ("This demand seeks a declaratory judgment stating this dispute is not subject to compulsory arbitration and that Claimant may pursue his claims in court."); *id.* ¶ 3; *Zhen*, ECF No. 18 ("Plaintiffs filed arbitration demands against Defendants with the American Arbitration Association to adjudicate the issue of whether Plaintiffs' claims are subject to arbitration."). That dispute will not involve discovery and will not involve a determination of the merits of the claims at issue in *Zhen* or here. *Id*.

Thus, the *Zhen* arbitrations will *not* "resolve factual questions coextensive with claims against nonparties to that arbitration agreement." Mtn. at 6:1-2 (cleaned up). It will resolve only the scope of the Experian arbitration agreement—something not at issue in the instant case because Plaintiffs do not have Experian accounts and are not bound to arbitrate their claims under any circumstance. Likewise, deciding this matter on the merits will not adversely affect the arbitrator's decision on arbitrability. And when, as here, the issues being decided in the arbitration do not impact the present litigation, courts have generally denied motions to stay. *See*, *e.g.*, *Congdon v. Uber Techs., Inc.*, 226 F. Supp. 3d 983, 991 (N.D. Cal. 2016) (declining to stay action where "regardless of the outcome of the arbitration, the claims of the Opt-Out Plaintiffs will need to be litigated in this court"); *Blair v. Rent-A-Center, Inc.*, 2017 WL 4805577, at *6 (N.D. Cal. Oct. 25, 2017) (denying motion to stay non-arbitrable claims where "California's usury law is sufficiently distinct from the other consumer protection laws Blair sues under that parallel proceedings will not be unduly duplicative or burdensome"); *Hansber v. Ulta Beauty Cosms., LLC*, 640 F. Supp. 3d 947, 961 (E.D. Cal. 2022) (denying motion to stay where "[a]lthough there are some overlapping factual issues common to both the arbitrations and this litigation, there are also discrete issues that UBC itself acknowledges").

Further, as Defendants argue, "arbitrability has been delegated to the arbitrator, meaning that

the Court lacks authority to assess whether agreement is enforceable." Mtn. at 5 n.7 (cleaned up). Defendants "cannot have [their] cake and eat it, too. They cannot, on the one hand, argue that the parties intended individualized adjudication of each plaintiff's claims, and in the same breath, argue that certain individual's actions should be impacted by parallel litigation." *Congdon*, 226 F. Supp. 3d at 991.

Defendants also argue that "if the *Zhen* Plaintiffs prevail on their motion challenging the arbitrability of the claims, then those Plaintiffs return to this Court as the first-filed case." Mtn. at 6:19-20. But that militates *against* imposing a stay. If the *Zhen* Plaintiffs are forced to remain in arbitration, then their claims will not have effect on this case. And if the *Zhen* Plaintiffs need not arbitrate their claims, then they can simply pop into this litigation at its present stage without missing a beat (especially given they are represented by the same counsel). *Maree v. Deutsche Lufthansa AG*, 2021 WL 4352912, at *4 (C.D. Cal. June 21, 2021) (denying motion to stay proceeding by non-signatory plaintiffs where, "[i]f Lufthansa is correct that it has a strong likelihood of success on the merits, then there is no reason to subject the [non-signatory] Action to a wholly unnecessary delay; the [signatory] and [non-signatory] Actions will never be consolidated because [the signatory plaintiff] will be compelled to arbitrate her claims"). Conversely, staying this action pending the *Zhen* Plaintiffs joining it "would only serve to needlessly delay [] resolution." *Ireland-Gordy*, 760 F. Supp. 3d at 965 (cleaned up).

Given the lack of overlap between the *Zhen* Plaintiffs' arbitration—which, at present, concerns only the arbitrability of their claims, not the merits—there is no basis for a stay.

## II. PLAINTIFFS WILL BE PREJUDICED BY A STAY OF THIS LITIGATION

Defendants contend "Plaintiffs Gilligan and Mitchell will not suffer any hardship or prejudice from a stay." Mtn. at 6:24-25. This is wrong. As an initial matter, "undue delay is undoubtedly a form of harm for a court to consider." *Tu*, 2025 WL 1134612, at *11 (cleaned up); *Hartsock v. Discover Bank*, 2022 WL 21769172, at *3–4 (C.D. Cal. Sept. 29, 2022) (same); *Abrahamyan v. Citibank N.A.*, 2025 WL 1720192, at *6 (C.D. Cal. June 9, 2025) ("Plaintiffs who are not subject to arbitration agreements will be damaged by a stay in that they will be delayed in pursuing vindication of their allegedly violated rights."). And here, given the *Zhen* Plaintiffs have not even brought an

arbitration demand on the merits of their claims, there is an indefinite timeline for how long Plaintiffs' claims may be stayed for.[3]

On top of this, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 724 (9th Cir. 2007); *Madrid v. De La Cruz,* , 2019 WL 2994301 (E.D. Cal. July 9, 2019) ("Contrary to the Defendants' argument, there is a risk that important evidence will be lost and memories will fade with the passage of time if the civil case is stayed."). Exacerbating this concern, "[d]iscovery processes in arbitration can differ from federal court, and … Defendants cannot guarantee that all relevant facts … will be uncovered and adjudicated in an arbitration that does not include [Plaintiffs]." *Tu*, 2025 WL 1134612, at *11 (cleaned up).

Finally, requiring Plaintiffs to stay their case pending an unrelated arbitration would "improperly extend the arbitration agreement made by other plaintiffs." *McLellan v. Fitbit, Inc.*, 2017 WL 4551484, at *5 (N.D. Cal. Oct. 11, 2017).

Thus, Plaintiffs will be prejudiced by a stay of this case

## III. DEFENDANTS WILL NOT BE PREJUDICED BY LITIGATING THIS MATTER

Conversely, Defendants contend they will "be harmed without a stay" because they will "be forced to conduct simultaneous and duplicative discovery in arbitration and in the district court." Mtn. at 7:3-10. This concern is both false and overblown.

*First*, as noted above, the *Zhen* Plaintiffs have *not* made arbitration demands as to the merits of their claims, and there is *no discovery* in the arbitrability dispute. Fraietta Decl. ¶ 4. Thus, Defendants assertion that it will be "forced to conduct simultaneous and duplicative discovery" in the arbitration is simply false; there is no discovery in the *Zhen* arbitrations at present.

*Second*, even if claimants lost in the *Zhen* arbitration and new arbitration demands were brought on the merits, Defendants' concern "could be mitigated without bringing the entire [instant] Action to a grinding halt — a result that would be supremely unfair to [] Plaintiffs." *Maree*, 2021

[3] The arbitrability of the *Zhen* Plaintiffs' claims will be heard by the arbitrator on January 6, 2026. Fraietta Decl. ¶ 4. But that does not inform when the arbitrator will issue a decision on arbitrability, much less when the *Zhen* Plaintiffs would commence a merits'-based arbitration (if at all) or when that dispute would be decided by.

WL 4352912, at *4. Discovery could occur in this action—where discovery procedures are more robust and any classwide discovery will necessarily overlap with the *Zhen* Plaintiffs' claims—and the *Zhen* Plaintiffs could agree not to conduct any additional discovery beyond what is allowed here. By contrast, as noted above, "Defendants cannot guarantee that all relevant facts … will be uncovered and adjudicated in an arbitration that does not include [Plaintiffs]." *Tu*, 2025 WL 1134612, at *11 (cleaned up).

*Finally*, "[c]ourts within the Ninth Circuit have rejected credit reporting agencies' similar arguments that the prospect of inconsistent results militates in favor of a stay." *Id.*, at *12; *Chen v. Bank of Am., N.A.*, 2020 WL 4561658, at *3 (C.D. Cal. Mar. 31, 2020) ("[T]he possibility that parallel proceedings covering related disputes could produce inconsistent results does not necessitate granting a stay."); *Noriega v. Citibank*, 2022 WL 2167454, at *2 (C.D. Cal. Apr. 4, 2022) ("The mere fact that Plaintiff's arbitration with Citibank may lead to rulings or factual determinations that are not binding with respect to the CRA Defendants and that may be inconsistent with this court's rulings is insufficient to warrant a stay of proceedings."); *Torres v. City of Madera*, 2005 WL 8163161, at *2 (E.D. Cal. Jan. 3, 2005) ("The Ninth Circuit has ruled that a mere claim of duplicativeness of discovery is inadequate to support a stay.") (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). This is so because "the arbitrator's findings of fact or law would not be binding on this Court or otherwise have any impact on the non-arbitrable claims left here." *Ireland-Gordy*, 760 F. Supp. 3d at 964 (cleaned up). By the same token, it is not clear that "proceeding with the litigation as to [Plaintiffs'] claims would in some way negatively impact or undermine the parallel arbitration proceedings, or would in some way prejudice [Defendants]." *Hansber*, 640 F. Supp. 3d at 961.

But to the extent Defendants are concerned about "inconsistent" rulings, that is the "inevitable result of [Experian] opting to include an arbitration agreement in its Terms of Use." *In re Ring LLC Priv. Litig.*, 2021 WL 4557222, at *5 (C.D. Cal. Sept. 3, 2021). Plaintiffs, who are not signatories to Experian's terms, should not have to pay the price for that.

Accordingly, Defendants will not be prejudiced by proceeding with this action, particularly where there is no discovery in the *Zhen* arbitrations.

## IV. JUDICIAL ECONOMY WILL NOT BE FOSTERED BY A STAY OF THIS ACTION

As the aforementioned arguments make clear, "a stay in this case would result in needless delay with no discernible benefit and would not promote efficiency." *Brooks v. Greystar Real Est. Partners, LLC*, 2024 WL 3489205, at *7 (S.D. Cal. July 19, 2024). There is no risk of duplicative discovery because discovery is not occurring in the *Zhen* arbitrations. And there is no risk of inconsistent rulings because the *Zhen* arbitrations seek only to determine the issue of arbitrability—which is not at issue here—and the arbitrator's rulings will have no preclusive effect on this matter. "The point here is that whatever findings are made in arbitration … a stay is not likely to result in a net savings of judicial resources." *Seaman v. Am. Express Nat. Bank*, 2024 WL 4745472, at *4 (C.D. Cal. June 12, 2024).

However, Defendants' "concerns" about judicial economy are betrayed by their conduct in this litigation. If Defendants believed that they would be subject to inconsistent rulings, they would have moved to stay this action months ago when the *Zhen* arbitrations were commenced. Instead, Defendants waited until months after the *Zhen* arbitrations were filed, after the motion to dismiss was fully briefed and taken under submission, and after the Parties submitted a proposed case management schedule,[4] to bring the instant Motion. Why Defendants waited so long to bring the Motion is anyone's guess. But no matter the reason, "[D]efendants have engaged in conduct that is inconsistent with their professed intention." *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2011 WL 1753784, at *3 (N.D. Cal. May 9, 2011).

Therefore, judicial economy will be fostered, not impaired, by allowing this litigation to proceed simultaneously with the *Zhen* arbitrations. Defendants' conduct thus far reinforces that fact.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion should be denied in full.

[4] Notably, in the Proposed Case Management Schedule (ECF No. 24), Defendants did not raise the prospect that Plaintiffs' claims should be stayed pending the *Zhen* arbitrations. On the contrary, Defendants expressed their intention to only bring a motion to stay discovery "pending the resolution of its motion to dismiss," and discussed numerous categories of discovery they intended to seek "[i]n the event this matter is not dismissed." ECF No. 24 at 7:6-11.

Dated: November 12, 2025

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: */s/ Philip L. Fraietta*
Philip L. Fraietta

Philip L. Fraietta (State Bar No. 354768)
50 Main Street, Suite 475
White Plains, NY 10606
Telephone: (914) 874-0710
Facsimile: (914) 206-3656
E-mail: pfraietta@bursor.com

**BURSOR & FISHER, P.A.**
Joshua R. Wilner (State Bar No. 353949)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: jwilner@bursor.com

*Attorneys for Plaintiffs*