John A. Vogt, Bar No. 198677
javogt@jonesday.com
Cheryl L. O'Connor, Bar No. 173897
coconnor@jonesday.com
Ryan D. Ball, Bar No. 321772
rball@jonesday.com
Matthew T. Billeci, Bar No. 329014
mbilleci@jonesday.com
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, California 92612.4408
Telephone: +1.949.851.3939
Facsimile: +1.949.553.7539

Attorneys for Defendants
EXPERIAN DATA CORPORATION, EXPERIAN INFORMATION SOLUTIONS, INC., EXPERIAN PLC, and TAPAD, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ARIEL GILLIGAN and LOGAN MITCHELL, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

EXPERIAN DATA CORPORATION, EXPERIAN PLC, EXPERIAN INFORMATION SOLUTIONS, INC., and TAPAD, INC.,

Defendants.

Case No. 3:25-cv-02873-RFL

**DEFENDANTS EXPERIAN DATA CORPORATION, EXPERIAN INFORMATION SOLUTIONS, INC., EXPERIAN PLC, AND TAPAD, INC.'S REPLY IN SUPPORT OF THEIR MOTION TO STAY PENDING RESOLUTION OF ARBITRATION**

Date: January 6, 2026
Time: 10:00 a.m.
Courtroom: 15

**INTRODUCTION**

Plaintiffs concede that this putative class action raises "identical questions of law and fact" as the earlier-filed putative class action in *Zhen v. Experian*. They concede that this suit raises the exact same claims against Experian as *Zhen*. They concede that this suit defines the purported class (and California subclass) exactly the same as *Zhen*. They do not dispute that, even though the claims of the *Zhen* Plaintiffs presently are in arbitration before the AAA, the *Zhen* putative class action—which is pending before this Court—is stayed pending the resolution of those individual arbitrations. And they concede that Plaintiffs filed a notice of related case in *Zhen* precisely because "there will be an unduly burdensome duplication of labor and expense or the possibility of conflicting results if the cases are conducted before different Judges." *Zhen*, ECF No. 16. Under these circumstances, a stay of this identical putative class action is warranted for precisely the same reasons why the *Zhen* matter has been stayed.

Nonetheless, Plaintiffs oppose a stay, contending that the *Zhen* arbitrations only concern arbitrability. Not so. While the *Zhen* Plaintiffs have challenged the arbitrability of their claims, that does not mean that those individual arbitrations are limited to an arbitrability determination. After all, if, as Experian expects will be the case, the arbitrator finds that the *Zhen* Plaintiffs' claims are arbitrable, those claims will proceed on their merits to individual arbitration. And, at arbitration, the resolution of the *Zhen* plaintiff's claims will involve identical questions of law and fact as those pleaded in this case. Alternatively, if the arbitrator concludes that the *Zhen* Plaintiffs' claims are not arbitrable, the *Zhen* Plaintiffs will return to this Court and proceed as the first-filed case. Either way, a stay is warranted to avoid duplication, inconsistent rulings, and unnecessary expenditure of judicial and party resources that result from identical claims proceeding in parallel forums. *See, e.g., In re Samsung Galaxy Smartphone Mktg. & Sales Pracs. Litig.*, 298 F. Supp. 3d 1285, 1303–04 (N.D. Cal. 2018) (collecting cases).

Accordingly, this Court should grant Experian's request for a stay.

## ARGUMENT

## I. THE CLAIMS IN *ZHEN* ARE IDENTICAL TO THOSE PLEADED HERE

Plaintiffs say that a stay is inappropriate because the arbitration demands that the *Zhen* Plaintiffs filed before the AAA only seeks a determination on the issue of arbitrability, contending that there are no overlapping discovery or merits of the claims at "present." Opp. at 3–5. Plaintiffs are confused. While they have sought, as a procedural matter, a threshold ruling as to their arbitrability of their claims, that threshold issue will simply determine ***where*** the merits of the *Zhen* Plaintiffs' claims will be decided—in arbitration or this Court. That is, arbitrability is not an independent legal claim or issue, but rather is a "threshold . . . question" which asks "whether [an] arbitration agreement applies to [a] particular dispute." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 65 (2019). Once arbitrability is determined, the merits of the *Zhen* Plaintiffs' claims—which Plaintiffs concede are identical to those at issue in this proceeding[1]—will necessarily be the subject of adjudication either in arbitration or before this Court.

Plaintiffs' contention that they "can simply pop into this litigation at its present stage without missing a beat," Opp. at 4, misunderstands civil procedure. If the *Zhen* Plaintiffs prevail on their arbitrability challenge, they would return as named plaintiffs to the first-filed *Zhen* case that currently is pending before this Court, which was stayed "pending resolution of the arbitration under 9 U.S.C. § 3 or the arbitrator's determination that the claims are not subject to arbitration." *Zhen*, ECF No. 15 (N.D. Cal.). They would not "pop" into this later-filed identical case as plaintiffs. Instead, this action likely would be consolidated with *Zhen* under Federal Rule of Civil Procedure 42(a), with *Zhen* serving as the lead action. *See e.g.*, *Smith v. Monterey Mushrooms, LLC*, 2025 WL 2988647 (N.D. Cal. Oct. 23, 2025) (consolidating actions with first-filed case).

Conversely, if the AAA determines that the claims of the *Zhen* Plaintiffs are arbitrable, those claims would then be adjudicated on their merits before the AAA. And, as explained, the merits of the *Zhen* Plaintiffs' claims are identical to those pleaded in this action. Thus, where, as

[1] *Zhen et al v. Experian Data Corporation et al.*, 3:25-cv-00948-RFL (N.D. Cal.), ECF No. 16 (noticing related case as the present action and the *Zhen* litigation raise "identical questions of law and fact").

here, the "arbitration of claims against a party to an arbitration agreement is likely to resolve factual questions coextensive with claims against nonparties to that arbitration agreement," "judicial and litigation economy and the avoidance of inconsistent decisions" counsels in favor of a stay. *SteppeChange LLC v. VEON Ltd.*, 354 F. Supp. 3d 1033, 1045 (N.D. Cal. 2018) (staying federal case "*until the arbitrator determines whether the matter should be arbitrated* under the terms of the agreement." (emphasis added)). Plaintiffs' contention that Experian's concerns for seeking a stay are "overblown" misapprehends the law in this Circuit.

## II. <u>A STAY IS WARRANTED HERE</u>

Plaintiff does not contest Experian's wall of authorities demonstrating that courts regularly stay non-arbitrable claims pending the resolution of arbitration. *See* ECF No. 44-1 at 4–6 (collecting cases). Nor do they contest that "[a] stay of all claims is particularly warranted" in class action "because the complaint admits that common questions of fact and law predominate." *In re Samsung*, 298 F. Supp. 3d at 1304; *see also Wolf v. Langemeier*, 2010 WL 3341823, at *8 (E.D. Cal. Aug. 24, 2010) (staying all claims by all plaintiffs even though only five of thirteen agreed to arbitrate, because remaining plaintiffs "allege the same claims as the contracting Plaintiffs, against the same Defendants"). Plaintiffs nevertheless claim that a stay is not appropriate because: (1) they will prejudiced by a stay and Experian will not be, and (2) judicial economy will be promoted if this case proceeds. Plaintiffs' contentions collide with established precedent in this Circuit.

### A. <u>Absent A Stay, Experian Faces Real And Obvious Prejudice</u>

As case law in this Circuit makes clear, absent a stay, Experian undoubtedly will be harmed because it will be forced to engage in parallel proceedings and duplicative discovery. *See, e.g.*, *J.P. on behalf of R.P. v. Educ. Testing Servs.*, 2020 WL 10693044, at *15 (C.D. Cal. Oct. 30, 2020) (staying entire class action because it would be "burdensome upon the parties if the district court were mandated to permit discovery, and upon completion of pretrial proceedings, to take evidence and determine the merits of the case at the same time as the arbitrator is going through a substantially similar process"); *Arris Sols., Inc. v. Sony Interactive Ent. LLC*, 2017 WL 4536415, at *2 (N.D. Cal. Oct. 10, 2017); *In re Am. Apparel, Inc. S'holder Derivative Litig.*, 2012 WL 9506072, at *47 (C.D. Cal. July 31, 2012). Moreover, as Plaintiffs acknowledged in relating the

cases, the risk of "inconsistent findings as between the present action and [arbitration]" prejudices both parties. *Morales v. Lexxiom, Inc.*, 2010 WL 11507515, at *11 (C.D. Cal. Jan. 29, 2010); *see* ECF No. 16 (relating the cases because of "the possibility of conflicting results if the cases are conducted before different Judges").

Recognizing that Experian would be prejudiced by engaging in parallel proceedings since they would be forced to conduct simultaneous and duplicative discovery in arbitration and in the district court, Plaintiffs cursorily suggest that discovery "could" be limited to federal court and that Plaintiffs "could" agree to not seek discovery in arbitration. Opp. at 6. Aside from the fact that no such agreement exists, this self-serving offer would essentially deprive Experian of the benefit of its arbitration with the *Zhen* Plaintiffs. Nor does Plaintiffs' imagined discovery proposal militate against the fact Experian would still be forced to conduced simultaneous proceedings in multiple forums at great burden and expense. The risk of unnecessary duplicative burdens supports a stay. *See* ECF No. 44-1 at 7 (collecting cases).

Plaintiffs also do not dispute that adjudicating "identical questions of law and fact" in two forums risks inconsistent results. Instead, they attempt to downplay these risks by citing matters involving motions to stay brought by credit reporting agencies. Opp. at 6 (citing *Tu v. Experian Info. Sols., Inc.*, 2025 WL 1134612, at *11 (S.D. Cal. Apr. 16, 2025)); *Noriega v. Citibank*, 2022 WL 2167454, at *2 (C.D. Cal. Apr. 4, 2022)). But those cases involved a non-arbitrable credit reporting agency seeking to stay the plaintiff's claims against it pending the resolution of the plaintiff's distinct claims against the furnisher. *See e.g.*, *Tu*, 2025 WL 1134612, at *12 (dismissing concerns of inconsistent results since "only Plaintiff is at risk of being subjected to the harm of inconsistent results" "because the CRA Defendants are not parties to the arbitration"). Here, by contrast, there is no dispute that every plaintiff asserts the same claims against the same defendant—Experian. Given the identical nature of the claims against a single defendant and the sole party participating in both proceedings, the risk of inconsistent results warrants a stay.[2]

[2] Plaintiffs' other authorities are inapposite for similar reasons. *See, e.g.*, *Chen v. Bank of Am., N.A.*, 2020 WL 4561658 (C.D. Cal. Mar. 31, 2020) (non-arbitrating party requesting stay was not a party to the arbitration and faced no risk of inconsistent results); *Torres v. City of Madera*, 2005 WL 8163161 (E.D. Cal. Jan. 3, 2005) (denying motion to propound additional interrogatories

Moreover, where a majority of plaintiffs are asserting identical claims against the same defendant, a stay is warranted to simplify issues for future proceedings. *J.P.*, 2020 WL 10693044, at *15 (internal quotations omitted). Unlike Plaintiffs' cited authorities, this is not a case where "the main thrust of Plaintiffs' claims" against Experian are "non-arbitrable" such that merely a subset of claims against only one of the defendants is in arbitration. *See Ireland-Gordy v. Tile, Inc*, 760 F. Supp. 3d 946, 951, 964 (N.D. Cal. 2024) (two of the four named plaintiff were subject to arbitration against one of the defendants and only for certain claims); *see also Tu,* 2025 WL 1134612, at *12 (plaintiff had arbitrable claims with only one defendant and their claims with other defendants raised "additional elements . . . [that] will not be subject to discovery or resolution during Plaintiff's arbitration."). Instead, only two named-plaintiffs—out of an original 11—have claims not subject to arbitration. ECF No. 44-1 at 2. Experian is also the only defendant. And, in contrast to *Ireland-Gordy* and *Tu,* all of the claims brought by Plaintiffs Gilligan and Mitchell are "grounded in identical facts and legal theories" to the arbitrable plaintiffs. *Ballard v. Corinthian Colleges, Inc.*, 2006 WL 2380668, at *2 (W.D. Wash. Aug. 16, 2006) (staying all claims in related actions involving arbitrable and non-arbitrable plaintiffs pending the resolution of arbitration proceedings). The identical nature of the claims also removes *Tu*'s concern that "the arbitration will not consider all the elements of Plaintiff's claims against the [non-arbitrating]" because there are no "additional elements . . . [that] will not be subject to discovery or resolution during Plaintiff's arbitration." *Tu*, 2025 WL 1134612, at *12. The arbitration of the *Zhen* Plaintiffs' claims is therefore "likely to resolve factual questions coextensive with claims against nonparties to that arbitration agreement." *SteppeChange*, 354 F. Supp. 3d at 1045 (citing *Jaffe v. Zamora*, 57 F. Supp. 3d 1244, 1248 (C.D. Cal. 2014) (internal citations and quotation marks omitted)). Accordingly, because "allowing the arbitration to conclude will simplify, if not resolve, issues of law or questions of fact in future proceedings," this Court should stay the entire action. *J.P.*, 2020 WL 10693044, at *15 (internal quotations omitted).

---

and granting requesting for protective order, wholly unrelated to a stay pending arbitration or parallel proceedings).

**B. <u>Plaintiffs Will Not Be Prejudiced By A Stay</u>**

The only claimed prejudice that Plaintiff cite is delay. But courts in this Circuit have roundly rejected mere delay as a prejudicial. *Bay Area Surgical Grp., Inc. v. Aetna Life Ins. Co.*, 2014 WL 2759571, at *5 (N.D. Cal. June 17, 2014) ("[A] delay in compensation for past harms does not equate to a strong showing of prejudice."); *see also J.P.*, 2020 WL 10693044, at *14 (same); *Errington v. Time Warner Cable Inc.*, 2016 WL 2930696, at *2 (C.D. Cal. May 18, 2016) ("[C]ourts have held that there is no likelihood of damage or harm to the non-moving party merely because the stay could cause a delay to the plaintiff in receiving money damages."). Indeed, the alleged risks associated with delay—witness memory and stale evidence—are present in every case and thus do not independently suffice for prejudice. *Roe v. SFBSC Mgmt., LLC*, 2015 WL 1798926, at *4 (N.D. Cal. Apr. 17, 2015) (acknowledging harm from the loss of witnesses, evidence or potential claimants but noting such harm is possible in all cases and not a sufficiently substantial harm to warrant denial of stay without evidence of unusual and particular risk); *Topia Tech., Inc. v. Dropbox Inc.*, 2023 WL 3437823, at *7 (N.D. Cal. May 12, 2023) (collecting cases and recognizing that delay is a "harm . . . inherent to any stay and does not, alone, constitute undue prejudice" and rejecting "loss of evidence" concerns where the plaintiff did not identify a particular witness or key evidence that may be lost).

Plaintiffs do not contest Experian's on-point authorities and their cited authorities are readily distinguishable *Blue Cross* and *Madrid* involved denials requests to stay a civil case pending the resolution of a criminal one due to potential delay in resolving the criminal matter and the differing evidence required or the criminal case. *Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 724 (9th Cir. 2007) (declining stay where resolution of criminal proceeding "could easily last as long as the five- or six-year limitations period in the criminal cases, or even longer"); *Madrid v. De La Cruz*, 2019 WL 2994301, at *3 (E.D. Cal. July 9, 2019) ("The civil case also involves . . . events that require more evidence than the criminal case will likely cover," as "Plaintiff's claims of deliberate indifference to serious medical needs, retaliation, and excessive force are unlikely to be resolved by the criminal trial"). But no comparable delay exists here, particularly since the arbitrability issue should be decided by

February 2026.[3] And as explained above, there is also no concern of differing evidence or elements as Plaintiffs Gilligan and Mitchell raise "identical questions of law and fact" to the *Zhen* plaintiffs. *Zhen*, ECF No. 16; *cf Tu*, 2025 WL 1134612, at *12 ("[T]he arbitration will not consider all the elements of Plaintiff's claims against the [non-arbitrating] Defendants.").

Plaintiffs also claim that "there is an indefinite timeline for how long Plaintiffs' claims may be stayed" "given the *Zhen* Plaintiffs have not even brought an arbitration demand on the merits of their claims." Opp. at 4–5. Of course, since the *Zhen* Plaintiffs are represented by the same counsel as Plaintiffs here, Plaintiffs are in the unique position of having full control over the expediency with which the *Zhen* Plaintiffs raise the merits of their claims in arbitration. Plaintiffs cannot seriously claim prejudice by manufacturing their own delays. In any event, because one of the benefits of arbitration is "efficiency," *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 743 (2023), and the American Arbitration Association's Consumer Rules are aimed at "fair, efficient, and economical resolution of the case," the arbitrations should be resolved within a reasonable time—likely before the end of 2026.[4]

### C. Judicial Economy Favors A Stay

Lastly, a stay pending the resolution of the *Zhen* Plaintiffs' arbitration would promote judicial economy. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Morales*, 2010 WL 11507515, at *11 ("It would be a waste of judicial resources to proceed with a parallel federal . . . action."); *see also Shugars v. Walmart Inc.,* 2025 WL 786348, at *9 (N.D. Cal. Mar. 12, 2025) ("[A] stay of this action will promote judicial economy and will avoid the hardship and

---

[3] While Plaintiffs claim that is it unclear when the arbitrator will rule on the arbitrability issue following the January 6, 2026 hearing, arbitrators typically issue rulings within 30 days pursuant to AAA Consumer Rule 44.

[4] To the extent Plaintiffs suggest that the *Zhen* Plaintiffs could abandon their claims if forced to arbitrate, Opp. at 5 n.3, that has no bearing on whether a stay is appropriate. Of course, the potential for a parallel proceeding to be dismissed or settled is a possibility in every instance where a proceeding is stayed. Plaintiffs cite no authority to support that the potential for dismissal of a parallel action weighs against a stay.

inefficiency of dual-track litigation and arbitration of overlapping issues.”). Indeed, the very basis of Plaintiffs’ request to relate the two cases was because “there will be an unduly burdensome duplication of labor and expense or the possibility of conflicting results if the cases are conducted before different Judges.” *Zhen*, ECF No. 16.

Plaintiffs offer no compelling response. Rather, they repeat their dubious contention that “the *Zhen* arbitrations seek only to determine the issue of arbitrability,” which is not before this court. Opp. at 7. As discussed, this argument is illusory, as arbitrability is merely the threshold step to adjudicating the merits of the *Zhen* Plaintiffs’ claims—claims that are a carbon-copy of those pending before this Court. Because “[s]imultaneous prosecution of the claims in arbitration and this litigation would clearly be a waste of judicial resource,” *Ballard*, 2006 WL 2380668, at *2, a stay should issue.

## CONCLUSION

For the foregoing reasons, Experian respectfully requests that the Court grant this Motion and stay the proceeding as to Plaintiffs Mitchell and Gilligan pending the resolution of the *Zhen* Plaintiffs’ arbitration.

Dated: November 19, 2025

JONES DAY

By: */s/ John A. Vogt*
John A. Vogt

Attorneys for Defendants
EXPERIAN DATA CORPORATION,
EXPERIAN INFORMATION SOLUTIONS, INC., EXPERIAN PLC, and TAPAD, INC.