| | |
|---|---|
| 1 | **BURSOR & FISHER, P.A.** |
| 2 | Philip L. Fraietta (SBN #354768) |
|   | 50 Main St., Ste. 475 |
| 3 | White Plains, NY 10606 |
|   | Telephone: (914) 874-0710 |
| 4 | Facsimile: (914) 206-3656 |
|   | E-mail: pfraietta@bursor.com |
| 5 | |
| 6 | **BURSOR & FISHER, P.A.** |
|   | Kaili C. Lynn (SBN #334933) |
| 7 | Joshua R. Wilner (SBN #353949) |
|   | 1990 North California Blvd., 9th Floor |
| 8 | Walnut Creek, CA 94596 |
|   | Telephone: (925) 300-4455 |
| 9 | Facsimile: (925) 407-2700 |
| 10 | E-mail: klynn@bursor.com |
|    |              jwilner@bursor.com |
| 11 | |
| 12 | *Attorneys for Plaintiff* |
| 13 | *[Additional Counsel Listed on Signature Page]* |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARIEL GILLIGAN and LOGAN MITCHELL, individually and on behalf of all others similarly situated, | Case No. 3:25-cv-02873-RFL |
| | **JOINT CASE MANAGEMENT STATEMENT** |
| Plaintiffs, | |
| v. | Date:   January 21, 2026 |
| | Time:   10:00 a.m. |
| EXPERIAN DATA CORPORATION, EXPERIAN PLC, EXPERIAN INFORMATION SOLUTIONS, INC., and TAPAD, INC., | Courtroom: Via Zoom |
| | Judge:  Hon. Rita F. Lin |
| Defendants. | |

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, and the Standing Order for All Judges of the Northern District of California, Plaintiffs Ariel Gilligan and Logan Mitchell ("Plaintiffs"), and Defendants Experian Data Corporation, Experian PLC, Experian Information Solutions, Inc., and Tapad, Inc. ("Defendants," "Experian Defendants," or "Experian"), hereby provide this Joint Case Management Statement.

1.  **Jurisdiction and Service:**

    **Plaintiffs' Position**: Plaintiffs allege that this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(d)(2) because the proposed Classes consist of 100 or more members; the amount in controversy exceeds $5,000,000, exclusive of costs and interest; and minimal diversity exists.

    Defendants were served April 22, 2025.

    **Defendants' Position**: Following the Court's ruling on its motion to dismiss, Experian does not contest the Court's jurisdiction at present. However, it reserves the right to do so based on information learned in discovery.

2.  **Facts:**

    **Plaintiffs' Position**:

    This case involves Defendant's dragnet surveillance of nearly every element of Plaintiffs' and Class Members' lives, including wiretapping their confidential communications with websites and apps, without consent through the use of Defendants' various pixels and SDKs, including the Tapad Pixels. Using the Tapad Pixels, pieces of code integrated onto thousands of websites, Defendants specifically record users' personally identifying information and confidential communications. Through the collection of various identifiers and syncing with other data brokers on websites, Defendants can identify thousands or millions of individuals and link them to specific tracked web activity and communications.

    Defendants compile this massive amount of data into profiles on individuals, which are sold to the tune of billions of dollars for use in the real-time-bidding auctioning of advertising and other purposes related to Defendants' role as one of the largest data brokers in the world. All of this occurs without the knowledge or consent of Plaintiffs and Class Members, who are unaware that millions

1  of their interactions with websites are being tracked, did not consent to such invasive conduct.
2  "[S]uch secret monitoring denies the speaker an important aspect of privacy of communication—the
3  right to control the nature and extent of the firsthand dissemination of his statements." *Ribas v.*
4  *Clark*, 38 Cal. 3d 355, 361 (1985).

5  Plaintiffs expect the evidence in this case will bear out their allegations and, in fact, are
6  already in possession of testing from numerous websites demonstrating that the alleged conduct is
7  occurring. Further, Plaintiffs expect that the requirements for class certification will be satisfied
8  pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), as they have been in other cases concerning similar
9  privacy violations. *See Torres v. Prudential Financial, Inc.*, 2024 WL 4894289 (N.D. Cal. Nov. 26,
10 2024); *Frasco v. Flo Health, Inc.*, 2025 WL 1433825 (N.D. Cal. May 19, 2025); *cf. Jancik v. WebMD*
11 *LLC*, 2025 WL 560705 (N.D. Ga. Feb. 20, 2025).

12 **Defendants' Position**:

13 This is the second putative class action brought against the Experian Defendants by Plaintiffs'
14 counsel based on allegations that Experian shared their and others' personally identifiable
15 information—namely, their website browsing activity—without their consent, in violation of federal,
16 state, and the common law. The first lawsuit is also pending before this Court and the two cases are
17 now related. *See Zhen et al v. Experian Data Corporation et al*, 3:25-cv-00948 (N.D. Cal.). After
18 Experian informed Plaintiffs' counsel that all six plaintiffs in the *Zhen* action were subject to
19 arbitration, the parties stipulated to proceed in arbitration and stay the case pending arbitration. *See*
20 *id*. at ECF No. 14-15.

21 Shortly after the parties stipulated to arbitration in the *Zhen* matter, Plaintiffs' counsel filed
22 the present action. After Experian confirmed that Plaintiffs Maria Lopez, Kirstie Semien, and
23 Michael Selby were subject to arbitration, Plaintiffs' counsel dismissed them from the case. ECF
24 No. 19. The two remaining plaintiffs—out of an original 11—seek to represent nationwide and
25 statewide classes of similarly situated individuals.

26 Plaintiffs' various privacy causes of action fail. Plaintiffs allege that Experian's legitimate
27 business use of tracking technologies amounts to felonious wiretapping, entitling Plaintiffs to
28 statutory and punitive damages. But the relevant wiretapping laws—all criminal in nature—stem

from the 1960s, before the Internet and Internet tracking technologies even existed. These tracking technologies are ubiquitous analytics tools that allows website owners to send its users targeted advertisements. The technologies are present on millions of websites, including those of Fortune 100 companies and government agencies. Thus, to endorse the claims pleaded in this action would mean that all of these websites have been unrepentant criminals for years. Unsurprisingly, courts across the country routinely reject such claims on one or more well-established grounds that Experian will establish, including that Plaintiffs suffered no injury, Plaintiffs consented to the collection of their activity on Buzzfeed or Bon Appetit's website, no "contents" of communications were "intercepted in transit," and Plaintiffs had no reasonable expectation of privacy.

3. **Legal Issues:**

Plaintiffs assert claims on behalf of themselves, a nationwide class, and a California subclass for Intrusion Upon Seclusion, Unjust Enrichment, and violations of Sections 631(a) and 638.51(a) of the CIPA and ECPA 18 U.S.C. § 2511(1).

*Plaintiffs' Section.* Plaintiffs believe that the relevant legal issues that are likely to arise include, but are not limited to:

- Whether Defendants are "third parties" for the purposes of the CIPA § 631;
- Whether Defendant read, attempted to read, or learn the contents of Plaintiffs' and Class Members' communications "in transit";
- Whether Defendant used or had the capability to use the contents of Plaintiffs' and Class Members' communications;
- Whether Defendants' various pixels and trackers are "pen registers" pursuant to CIPA § 638.50(b);
- Whether Defendants' conduct was highly offensive and invaded Plaintiffs' and Class Members' reasonable expectations of privacy;
- Whether Plaintiffs or any particular Class Member consented to Defendant's alleged recording of the communications;
- Whether a Class can be certified pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3); and
- Whether Plaintiffs and Class Members are entitled to damages pursuant to Cal. Pen. Code § 637.2 or the common law, and the amount of said damages.

***Defendants' Section***.

- Whether Plaintiffs have Article III standing;
- Whether Plaintiffs can certify a putative class;
- Whether Plaintiffs consented to the alleged tracking activity by Experian;
- Whether Plaintiffs communications with Experian were "intercepted in transit";
- Whether Experian collected the "contents" of Plaintiffs' communications:
- Whether Experian collected and transmitted Plaintiffs' information to third parties;
- Whether Plaintiffs possessed a legally protected privacy interest in the information they disclosed to Experian;
- Whether Plaintiffs had a reasonable expectation of privacy in the information they disclosed to Experian;
- Whether Experian committed any highly offensive disclosure of Plaintiffs' personally identifiable information;
- Whether Plaintiffs were injured by Experian's conduct.

4. **Motions:**

On July 11, 2025, Defendants filed a Motion to Dismiss Plaintiffs' Complaint. ECF No. 26. Plaintiffs filed their opposition to Defendants' motion on July 25, 2025, and Defendants filed their reply on August 8, 2025. ECF Nos. 32, 36. On October 28, 2025, Defendants filed a Motion to Stay Pending Resolution of Arbitration. ECF No. 44. Plaintiffs filed their opposition on November 12, 2025, and Defendants filed their reply on November 19, 2025. ECF Nos. 45, 48. On January 6, 2026, the Court issued an Order Denying Defendants' Motion to Stay and Granting in Part and Denying in Part Defendants' Motion to Dismiss. ECF No. 51.

**Plaintiffs' Position:** Plaintiffs anticipate filing a motion for class certification and reserves the right to file a motion for summary judgment, *Daubert* motions, and other pre-trial motions at the appropriate time.

**Defendants' Position:** Experian anticipates filing a motion for summary judgment and *Daubert* motions. Lastly, should this matter proceed to trial, Experian will file motions *in limine*.

**5. Amendment of Pleadings:**

Plaintiffs do not anticipate filing an Amended Complaint at this time but reserve the right to do so under Fed. R. Civ. P. 15(a)(1)(B). Plaintiffs may also seek leave to amend as may be appropriate based on discovery and/or further developments in the case. Plaintiffs propose a deadline of March 2, 2026 for Plaintiffs to amend the pleadings.

**6. Evidence Preservation:**

The Parties certify that they have all reviewed the Guidelines Relating to the Discovery of Electronically Stored Information. The Parties further confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action. Further, all Parties' counsel have taken steps to advise their clients about the need to preserve relevant evidence.

**7. Disclosures:**

Plaintiffs served their Fed R. Civ P. 26(a)(1) initial disclosures on June 18, 2025. Defendants will serve their Fed R. Civ P. 26(a)(1) initial disclosures on July 2, 2025, which is 14 days after the parties' Rule 26(f) conference. *See* Fed R. Civ P. 26(a)(1)(C).

**8. Discovery:**

On August 7, 2025, Plaintiffs served their first set of discovery requests on Defendants. Subsequently, the Parties agreed to stay discovery pending the Court's decision on Defendants' Motion to Dismiss.

The Parties have agreed to accept service of discovery requests and responses via email. The Parties further agree to cooperate and work in good faith toward reaching an agreement on a stipulation regarding the preservation and production of electronically stored information, as well as a protective order governing the discovery and use of confidential information. If agreement cannot be reached, the Parties will seek Court intervention.

**Plaintiffs' Position:**

Plaintiffs intend to seek discovery regarding, among other things: (1) the capabilities of Defendants' Pixels, which may entail a review of the source code of the same; (2) the capabilities of Defendants' SDKs, which may entail a review of the source code of the same; (3) Defendants'

contracts or other agreements with third parties (including but not limited to those listed in the Complaint) for the provision of its services; (4) any documents and or recordings of Plaintiffs' communications on the Websites with Defendants' Pixels; (5) the number of unique individual Class Members from the California Subclass that Defendants' technology recorded communications or addressing information of; (6) the number of unique individual Class Members nationwide that Defendants' technology recorded communications or addressing information of; (7) documents and communications referring to any insurance policy Defendants may rely on or have in this matter; and (8) documents and communications pertaining to any affirmative defenses Defendants may raise. Plaintiffs may also subpoena third parties (in particular, Bon Appetit and Buzzfeed) for the foregoing information. Plaintiffs note that this list is preliminary in nature. The scope of discovery Plaintiffs intend to seek may change as more evidence becomes available to Plaintiffs.

**Defendants' Position:**

Experian intends to seek discovery regarding: (1) Plaintiffs' interactions and communications with Buzzfeed and Bon Appetit and their websites; (2) Plaintiffs' expectation of privacy while visiting the Buzzfeed and Bon Appetit websites; (3) Plaintiffs' awareness of website tracking technologies; (4) Plaintiffs' consent to the collection of the their personally identifiable information; and (5) Plaintiffs' injury and/or damages.

Experian anticipates seeking discovery on issues pertaining to whether this case can proceed as a class action, including whether Plaintiffs' claims are representative of and common to the claims of putative class members; whether the class is ascertainable; whether a class trial would be manageable; and whether individual issues predominate.

Experian will propound written discovery, take fact witnesses depositions, and expert discovery.

**9.    Class Actions:**

**Plaintiffs' Position:**

Plaintiffs intend to move for class certification consistent with the proposed schedule included in Section 15 below. Plaintiffs' and Defendants' counsel have reviewed the Procedural Guidelines for Class Action Settlements.

**Defendants' Position:**

Experian states that this case is not suitable for class treatment.

10. **Related Cases:**

This case was related to *Zhen v. Experian Data Corp.*, 3:25-cv-00948-RFL (N.D. Cal.).

11. **Relief:**

**Plaintiffs' Position:**

Plaintiffs seek all available damages (including but not limited to compensatory damages, consequential damages, statutory damages, and punitive damages), injunctive relief, restitution/disgorgement, pre/post-judgment interest, attorneys' fees, and costs and expenses.

**Defendants' Position:** Experian does not allege damages at this time, but reserves the right to do so. Experian denies that Plaintiffs are entitled to any damages.

12. **Settlement and ADR:**

The Parties have reviewed the ADR procedures in ADR L.R. 3-5. The Parties agree to use private mediation as their ADR mechanism at the appropriate time. The Parties have discussed the possibility of a resolution.

13. **Other Resources:**

The Parties do not believe that the case is suitable for reference to binding arbitration or a special master at this time. The Parties have not consented to the jurisdiction of a magistrate judge.

14. **Narrowing of Issues:**

The Parties are not aware of any issues that may be narrowed at this time.

15. **Scheduling:**

**Plaintiffs' Position:** Plaintiffs propose the pre-trial schedule set forth below.

**Defendants' Position:** Experian proposes the pre-trial dates below.

| Event | Plaintiffs' Proposed Schedule | Experian's Proposed Schedule |
| --- | --- | --- |
| Defendants' initial disclosures pursuant to Fed. R. Civ. P. 26 | January 21, 2026 | January 21, 2026 |

| Event | Plaintiffs' Proposed Schedule | Experian's Proposed Schedule |
|---|---|---|
| Deadline to file proposed protective order and ESI protocol | February 23, 2026 | February 23, 2026 |
| Deadline to amend pleadings | March 2, 2026 | March 2, 2026 |
| Deadline for Parties to attend mediation or settlement conference | December 21, 2026 | December 21, 2026 |
| Deadline to file Motion for Class Certification and disclosure of Plaintiffs' expert reports | January 28, 2027 | March 12, 2027 (for motion for class certification) |
| | | November 20, 2026 (for disclosure of the Parties' expert reports) |
| Opposition to Plaintiffs' Motion for Class Certification and disclosure of Defendant's expert reports | March 5, 2027 | April 16, 2027 (for opposition to motion for class certification) |
| | | December 18, 2026 (for disclosure of the Parties' rebuttal expert reports) |
| Reply in support of Plaintiffs' Motion for Class Certification and disclosure of Plaintiff's rebuttal expert reports | April 2, 2027 | May 14, 2027 (for reply in support of motion for class certification) |
| Close of all discovery (fact and expert)[1] | April 16, 2027 | February 12, 2027 |
| Deadline to file Summary Judgment | 60 days after Court's ruling on class certification | March 12, 2027 |
| Deadline to file *Daubert* motions | 60 days after Court's ruling on class certification | March 12, 2027 |
| Deadline to file motions in *Limine* | To be set after Court's decision on motion summary judgment | To be set after Court's decision on motion summary judgment |

---

[1] Other than discovery related to noticing Class Members pursuant to Fed. R. Civ. P. 23(d).

**16.    Trial:**

Plaintiffs and Defendants have demanded a jury trial of any claims triable by a jury, and the Parties estimate the trial to last approximately 5-7 court days.

**17.    Disclosure of Non-Party Interested Entities or Parties:**

The Parties are not aware of any non-party interested entities or person, other than putative class members.

**18.    Professional Conduct:**

Counsel for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California and agree to comply with them.

**19.    Other Matters:**

The Parties are not presently aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

Dated:  January 14, 2026              **BURSOR & FISHER, P.A.**

By: */s/ Philip L. Fraietta*

Philip L. Fraietta (State Bar No. 354768)
50 Main St., Ste. 475
White Plains, NY 10606
Telephone: (914) 874-0710
Facsimile: (914) 206-3656
Email: pfraietta@bursor.com

**BURSOR & FISHER, P.A.**
Kaili C. Lynn (SBN #334933)
Joshua R. Wilner (State Bar No. 353949)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: klynn@bursor.com
          jwilner@bursor.com

**BURSOR & FISHER, P.A.**
Max S. Roberts (SBN #363482)
1330 Ave. of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-mail: mroberts@bursor.com

*Attorneys for Plaintiffs*

| | |
|---|---|
| Dated: January 14, 2026 | **JONES DAY** |
| | By: */s/* Jon A. Vogt |
| | Jon A. Vogt, Bar No. 198677<br>javogt@jonesday.com<br>Ryan D. Ball, Bar No. 321772<br>rball@jonesday.com<br>Matthew T. Billeci, Bar No. 329014<br>mbilleci@jonesday.com<br>3161 Michelson Drive, Suite 800<br>Irvine, California 92612.4408<br>Telephone:   +1.949.851.3939<br>Facsimile:   +1.949.553.7539 |
| | *Attorneys for Defendants* |

**SIGNATURE ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), the filer of this document attests that all signatories have concurred in its filing.

By: */s/ Philip L. Fraietta*
    Philip L. Fraietta