John A. Vogt, Bar No. 198677
javogt@jonesday.com
Cheryl L. O'Connor, Bar No. 173897
coconnor@jonesday.com
Ryan D. Ball, Bar No. 321772
rball@jonesday.com
Matthew T. Billeci, Bar No. 329014
mbilleci@jonesday.com
JONES DAY
3161 Michelson Drive
Suite 800
Irvine, California 92612.4408
Telephone: +1.949.851.3939
Facsimile: +1.949.553.7539

Attorneys for Defendants

EXPERIAN DATA CORPORATION, EXPERIAN INFORMATION SOLUTIONS, INC., EXPERIAN PLC, and TAPAD, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIEL GILLIGAN and LOGAN MITCHELL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EXPERIAN DATA CORPORATION, EXPERIAN PLC, EXPERIAN INFORMATION SOLUTIONS, INC., and TAPAD, INC.,<br><br>Defendants. | Case No. 3:25-cv-02873-RFL<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES**<br><br>Date Action Filed: March 27, 2025 |

Defendants Experian Data Corporation, Experian PLC, Experian Information Solutions, Inc., and TAPAD Inc. (collectively, "Experian"), by and through its attorneys, hereby answers Plaintiffs[1] Ariel Gilligan and Logan Mitchell ("Plaintiffs") Complaint as follows:

[1] Plaintiffs Maria Lopez, Kirstie Semien, and Michael Selby have been dismissed. Accordingly, Experian will not respond to allegations concerning these former Plaintiffs.

## NATURE OF THE ACTION

1. In response to paragraph 1 of the Complaint, Experian admits that Plaintiffs purport to bring this lawsuit to address Experian's purported "surveillance" of Americans' internet activity, including the tracking and recording of personal information and web activity. Experian denies that it is liable for any actions or claims alleged in the Complaint or that Plaintiffs and Class Members are entitled to relief. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

2. In response to paragraph 2 of the Complaint, Experian admits that ID Graph, Consumer View, and Consumer Sync are Experian products. Experian denies that any of its alleged actions were "unlawful[]." Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

3. In response to paragraph 3 of the Complaint, Experian admits that Plaintiffs bring this action to enforce their constitutional right to privacy and to seek damages under California law for the alleged improper collection and sale of their data. Experian denies that it is liable for any actions or claims alleged in the Complaint or that Plaintiffs and Class Members are entitled to relief. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

## THE PARTIES

### I. PLAINTIFFS

4. The allegations in paragraph 4 of the Complaint relate solely to Plaintiff Maria Lopez, who has been dismissed, and therefore no response is required. To the extent a further response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

5. In response to paragraph 5 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

6. The allegations in paragraph 6 of the Complaint relate solely to Plaintiff Kirstie Semien, who has been dismissed, and therefore no response is required. To the extent a further response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

7. In response to paragraph 7 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

8. The allegations in paragraph 8 of the Complaint relate solely to Plaintiff Michael Selby, who has been dismissed, and therefore no response is required. To the extent a further response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## II. DEFENDANTS

9. In response to paragraph 9 of the Complaint, Experian admits that Experian Data Corporation is a Delaware Corporation with its principal place of business in Costa Mesa, California. Experian further admits that Plaintiffs allege that Experian Data Corporation "directly controls" TAPAD. Experian states that this is a legal conclusion that is not subject to denial or admission. To the extent a further response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

10. In response to paragraph 10 of the Complaint, Experian admits that Experian PLC is the parent company of Experian Data Corporation, Experian Information Solutions, Inc. and TAPAD, Inc., with its principal place of business at Cumberland Place, Fenian Street, Dublin 2, D02 HY05, Ireland. Experian further admits that Plaintiffs allege that Experian PLC "directly controls the[] operations" of the other Defendants. Experian states that this is a legal conclusion that is not subject to denial or admission. To the extent a further response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations

contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

11. In response to paragraph 11 of the Complaint, Experian admits that Experian Information Solutions, Inc. is an Ohio corporation with its principal place of business located in Costa Mesa, California. Experian further admits that Plaintiffs allege that Experian Information Solutions, Inc. "directly controls" TAPAD. Experian states that this is a legal conclusion that is not subject to denial or admission. To the extent a further response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

12. In response to paragraph 12 of the Complaint, Experian admits that TAPAD is a Delaware corporation with its principal place of business in New York, New York. Experian further admits that TAPAD is a wholly-owned subsidiary of Experian. Experian further admits that Plaintiffs allege that Experian "directs the action" of TAPAD. Experian states that this is a legal conclusion that is not subject to denial or admission. To the extent a further response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## JURISDICTION AND VENUE

13. In response to paragraph 13 of the Complaint, Experian admits that Plaintiffs have alleged jurisdiction based on 28 U.S.C. § 1332(d)(2)(A). Experian states that this is a legal conclusion that is not subject to denial or admission. To the extent a further response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

14. In response to paragraph 14 of the Complaint, Experian admits that it does business in the state of California and that Experian Data Corporation's and Experian Information Solutions, Inc.'s principal place of business is in California. Experian further admits that Plaintiffs have

alleged that they have established personal jurisdiction over Experian. Whether Plaintiffs have established personal jurisdiction is a legal conclusion which is not subject to denial or admission. In response to the remaining allegations in paragraph 15 of the Complaint, Experian is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

15. In response to paragraph 15 of the Complaint, Experian admits that Plaintiffs have alleged that venue is proper pursuant to 28 U.S.C. § 1391. Experian states that whether venue is proper is a legal conclusion which is not subject to denial or admission. In response to the remaining allegations in paragraph 15 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## FACTUAL ALLEGATIONS

### I. DATA BROKERS AND REAL-TIME BIDDING: THE INFORMATION ECONOMY

16. In response to paragraph 16 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

#### A. Data Brokers

17. In response to paragraph 17 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of Justin Sherman, Duke Sanford Cyber Policy Program, Data Brokers and Sensitive Data on U.S. Individuals: Threats to American Civil Rights, National Security, and Democracy (2021), https://techpolicy.sanford.duke.edu/wp-content/uploads/2021/08/Data-Brokers-and-Sensitive-Data-on-US-Individuals-Sherman-2021.pdf, and Cal. Civ. Code § 1798.99.80(c). Experian states that the publication and statute speak for themselves and, on that basis, denies any allegations in paragraph 17 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

18. In response to paragraph 18 of the Complaint, including its footnotes, Experian admits that Experian Information Solutions, Inc. and TAPAD, Inc. are registered on California's Data Broker Registration. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

19. In response to paragraph 19 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of Justin Sherman, Duke Sanford Cyber Policy Program, Data Brokers and Sensitive Data on U.S. Individuals: Threats to American Civil Rights, National Security, and Democracy (2021), https://techpolicy.sanford.duke.edu/wp-content/uploads/2021/08/Data-Brokers-and-Sensitive-Data-on-US-Individuals-Sherman-2021.pdf, and Tehila Minkus et al., The City Privacy Attack: Combining Social Media and Public Records for Detailed Profiles of Adults and Children, COSN '15: Proceedings of the 2015 ACM on Conference on Online Social Networks 71, 71 (2015), https://dl.acm.org/doi/pdf/10.1145/2817946.2817957. Experian states that the publications speak for themselves and, on that basis, denies any allegations in paragraph 19 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

20. In response to paragraph 20 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of Henrik Twetman & Gundars Bergmanis-Korats, NATO Strategic Communications Centre of Excellence, Data Brokers and Security (2020), https://stratcomcoe.org/cuploads/pfiles/data_brokers_and_security_20-01-2020.pdf. Experian states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 20 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

21. In response to paragraph 21 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of Justin Sherman, Duke Sanford Cyber Policy Program, Data Brokers and Sensitive Data on U.S. Individuals: Threats to American Civil Rights, National Security, and Democracy (2021), https://techpolicy.sanford.duke.edu/wp-content/uploads/2021/08/Data-Brokers-and-Sensitive-Data-on-US-Individuals-Sherman-

2021.pdf. Experian states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 21 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

22. In response to paragraph 22 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of Justin Sherman, Duke Sanford Cyber Policy Program, Data Brokers and Sensitive Data on U.S. Individuals: Threats to American Civil Rights, National Security, and Democracy (2021), https://techpolicy.sanford.duke.edu/wp-content/uploads/2021/08/Data-Brokers-and-Sensitive-Data-on-US-Individuals-Sherman-2021.pdf. Experian states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 22 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

23. In response to paragraph 23 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of Justin Sherman, Duke Sanford Cyber Policy Program, Data Brokers and Sensitive Data on U.S. Individuals: Threats to American Civil Rights, National Security, and Democracy (2021), https://techpolicy.sanford.duke.edu/wp-content/uploads/2021/08/Data-Brokers-and-Sensitive-Data-on-US-Individuals-Sherman-2021.pdf. Experian states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 23 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

24. In response to paragraph 24 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of Justin Sherman, Duke Sanford Cyber Policy Program, Data Brokers and Sensitive Data on U.S. Individuals: Threats to American Civil Rights, National Security, and Democracy (2021), https://techpolicy.sanford.duke.edu/wp-content/uploads/2021/08/Data-Brokers-and-Sensitive-Data-on-US-Individuals-Sherman-2021.pdf. Experian states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 24 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

25. In response to paragraph 25 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of Justin Sherman, Duke Sanford Cyber Policy Program, Data Brokers and Sensitive Data on U.S. Individuals: Threats to American Civil Rights, National Security, and Democracy (2021), https://techpolicy.sanford.duke.edu/wp-content/uploads/2021/08/Data-Brokers-and-Sensitive-Data-on-US-Individuals-Sherman-2021.pdf. Experian states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 25 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

26. In response to paragraph 26 of the Complaint, Experian admits that the allegations contained therein appear to set forth an image from Henrik Twetman & Gundars Bergmanis-Korats, NATO Strategic Communications Centre of Excellence, Data Brokers and Security (2020), https://stratcomcoe.org/cuploads/pfiles/data_brokers_and_security_20-01-2020.pdf. Experian states that the image speaks for itself and, on that basis, denies any allegations in paragraph 26 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

27. In response to paragraph 27 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of Henrik Twetman & Gundars Bergmanis-Korats, NATO Strategic Communications Centre of Excellence, Data Brokers and Security (2020), https://stratcomcoe.org/cuploads/pfiles/data_brokers_and_security_20-01-2020.pdf, and Jasdev Dhaliwal, *How Data Brokers Sell Your Identity*, McAfee (June 4, 2024), https://www.mcafee.com/blogs/tips-tricks/how-data-brokers-sell-your-identity. Experian states that the publications speak for themselves and, on that basis, denies any allegations in paragraph 27 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

28. In response to paragraph 28 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of Paul Jarvis, *The Problem with Data Brokers: Targeted Ads and Your Privacy*, Fathom Analytics (May 10, 2022), https://usefathom.com/blog/data-brokers. Experian states that the publication speaks for itself and,

on that basis, denies any allegations in paragraph 28 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

29. In response to paragraph 29 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein related to Experian. As to the allegations in paragraph 29 related to unknown third-parties, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**B. Real-Time Bidding**

30. In response to paragraph 30 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

31. In response to paragraph 31 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of Sara Geoghegan, *What is Real Time Bidding?*, Electronic Privacy Information Center (Jan. 15, 2025), https://epic.org/what-is-real-time-bidding. Experian states that the publications speaks for itself and, on that basis, denies any allegations in paragraph 31 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

32. In response to paragraph 32 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of Sara Geoghegan, *What is Real Time Bidding?*, Electronic Privacy Information Center (Jan. 15, 2025), https://epic.org/what-is-real-time-bidding, and Introduction To Ad Serving, Microsoft (Mar. 3, 2024), https://learn.microsoft.com/enus/xandr/industry-reference/introduction-to-ad-serving. Experian states that the publications speak for themselves and, on that basis, denies any allegations in paragraph 32 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

33. In response to paragraph 33 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

34. In response to paragraph 34 of the Complaint, including its footnotes, Experian admits that the allegations contained therein appear to reference or set forth a portion of Sara Geoghegan, *What is Real Time Bidding?*, Electronic Privacy Information Center (Jan. 15, 2025), https://epic.org/what-is-real-time-bidding, and an image from Real-Time Bidding, AppsFlyer, https://www.appsflyer.com/glossary/real-time-bidding. Experian states that the publications and image speak for themselves and, on that basis, denies any allegations in paragraph 34 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

35. In response to paragraph 35 of the Complaint, including its footnotes, Experian admits that the allegations contained therein appear to reference or set forth a portion of Michael Veale & Federik Zuiderveen Borgesius, *Adtech and Real-Time Bidding under European Data Protection Law*, 23 German L. J. 226, 232–33 (2022) https://tinyurl.com/yjddt5ey, and an image from Perion, What is a Supply-Side Platform (SSP): Definition and Importance, https://perion.com/publishers/what-is-a-supply-side-platform-ssp-definition-and-importance. Experian states that the publications and image speak for themselves and, on that basis, denies any allegations in paragraph 35 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

36. In response to paragraph 36 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

37. In response to paragraph 37 of the Complaint, including subparts (a)-(c), Experian admits that the allegations contained therein appear to set forth a portion of Federal Trade Commission, *Unpacking Real Time Bidding Through FTC's Case on Mobilewalla* (Dec. 3, 2024), https://www.ftc.gov/policy/advocacy-research/tech-at-ftc/2024/12/unpacking-real-time-bidding-through-ftcs-case-mobilewalla. Experian states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 37 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

38. In response to paragraph 38 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

39. In response to paragraph 39 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of Sara Geoghegan, *What is Real Time Bidding?*, Electronic Privacy Information Center (Jan. 15, 2025), https://epic.org/what-is-real-time-bidding. Experian states that the publiaction speaks for itself and, on that basis, denies any allegations in paragraph 39 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

40. In response to paragraph 40 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of and a screen capture of Dr. Johnny Ryan, "RTB" Adtech & GDPR, https://assortedmaterials.com/rtb-evidence (video). Experian states that the publication and screen capture of the video speaks for themselves and, on that basis, denies any allegations in paragraph 40 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

41. In response to paragraph 41 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of *Ribas v. Clark*, 38 Cal. 3d 355, 361 (1985), and *U.S. Dep't of Justice v. Reporters Comm. For Freedom of the Press*, 489 U.S. 749, 763–64 (1989). Experian states that *Ribas* and *Reporters Comm. For Freedom of the Press* speak for themselves and, on that basis, denies any allegations in paragraph 41 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

**C. Cookie Syncing**

42. In response to paragraph 42 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

43. In response to paragraph 43 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of Panagiotis Papadopoulos et al., *Cookie Synchronization: Everything You Always Wanted to Know But Were Afraid to Ask*, 1 WWW '19: The World Wide Web Conference 1432, 1432 (2019),

https://dl.acm.org/doi/10.1145/3308558.3313542, and Gunes Acar et al., T*he Web Never Forgets: Persistent Tracking Mechanisms in the Wild*, 6B CCS'14: ACM SIGSAC Conference on Computer and Communications Security 674, 674 (2014). Experian states that the publications speak for themselves and, on that basis, denies any allegations in paragraph 43 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

44. In response to paragraph 44 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of and image from Panagiotis Papadopoulos et al., Cookie Synchronization: Everything You Always Wanted to Know But Were Afraid to Ask, 1 WWW '19: The World Wide Web Conference 1432, 1433 (2019), https://dl.acm.org/doi/10.1145/3308558.3313542. Experian states that the publication and image speak for themselves and, on that basis, denies any allegations in paragraph 44 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

45. In response to paragraph 45 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of Panagiotis Papadopoulos et al., *Cookie Synchronization: Everything You Always Wanted to Know But Were Afraid to Ask*, 1 WWW '19: The World Wide Web Conference 1432, 1434 (2019), https://dl.acm.org/doi/10.1145/3308558.3313542. Experian states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 45 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

46. In response to paragraph 46 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of Panagiotis Papadopoulos et al., *Cookie Synchronization: Everything You Always Wanted to Know But Were Afraid to Ask*, 1 WWW '19: The World Wide Web Conference 1432, 1434 (2019), https://dl.acm.org/doi/10.1145/3308558.3313542. Experian states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 46 inconsistent therewith. Unless

specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

47. In response to paragraph 47 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of Panagiotis Papadopoulos et al., *Cookie Synchronization: Everything You Always Wanted to Know But Were Afraid to Ask*, 1 WWW '19: The World Wide Web Conference 1432, 1441 (2019), https://dl.acm.org/doi/10.1145/3308558.3313542. Experian states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 47 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

48. In response to paragraph 48 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

49. In response to paragraph 49 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

50. In response to paragraph 50 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

51. In response to paragraph 51 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

52. In response to paragraph 52 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## II. AN OVERVIEW OF DEFENDANTS' SERVICES

### A. Tapad

53. In response to paragraph 53 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of *J.J. Coalo, Ads That Follow You Home: Has Tapad Cracked the Code of Cross-Device Advertising?*, Forbes, https://www.forbes.com/sites/jjcolao/2013/05/23/ads-that-follow-you-home-has-tapad-cracked-the-code-of-cross-device-advertising (last visited Jan. 19, 2025). Experian states that the

publication speaks for itself and, on that basis, denies any allegations in paragraph 53 inconsistent therewith. Experian further admits that TAPAD is a registered data broker in California. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

54. In response to paragraph 54 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of J.J. Coalo, *Ads That Follow You Home: Has Tapad Cracked the Code of Cross-Device Advertising?*, Forbes, https://www.forbes.com/sites/jjcolao/2013/05/23/ads-that-follow-you-home-has-tapad-cracked-the-code-of-cross-device-advertising (last visited Jan. 19, 2025). Experian states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 54 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

55. In response to paragraph 55 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of Ingrid Lunden, Telenor Jumps Into Ad Tech, Acquires Tapad for $360M, TechCrunch (Feb. 1, 2016), https://techcrunch.com/2016/02/01/telenor-jumps-into-ad-tech-acquires-Tapad-for-360m. Experian states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 55 inconsistent therewith. Experian further admits that TAPAD utilizes a "Device Graph." Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

56. In response to paragraph 56 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of Ingrid Lunden, Telenor Jumps Into Ad Tech, Acquires Tapad for $360M, TechCrunch (Feb. 1, 2016), https://techcrunch.com/2016/02/01/telenor-jumps-into-ad-tech-acquires-Tapad-for-360m. Experian states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 56 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

57. In response to paragraph 57 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of Allison Schiff, *Telenor Sells Tapad to Experian for $280 Million*, AdExchanger (Nov. 19, 2020), https://www.adexchanger.com/privacy/telenor-sells-Tapad-to-experian-for-280-million, and Anthony Vargas, *How Experian is Using Tapad to Build New ID Resolution and Analytics Products*, AdExchanger (Feb. 21, 2023), https://www.adexchanger.com/data-exchanges/how-experian-is-using-Tapad-to-build-new-id-resolution-and-analytics-products. Experian states that the publications speak for themselves and, on that basis, denies any allegations in paragraph 57 inconsistent therewith. Experian further admits that TAPAD was purchased by an Experian entity. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

58. In response to paragraph 58 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of *Anthony Vargas, How Experian is Using Tapad to Build New ID Resolution and Analytics Products*, AdExchanger (Feb. 21, 2023), https://www.adexchanger.com/data-exchanges/how-experian-is-using-Tapad-to-build-new-id-resolution-and-analytics-products. Experian states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 58 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

*1. Tapad's Online Tracking Technology*

59. In response to paragraph 59 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

60. In response to paragraph 60 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

61. In response to paragraph 61 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

62. In response to paragraph 62 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of Facebook,

https://www.facebook.com/business/goals/retargeting (last visited Jan. 19, 2026). Experian states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 62 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

63. In response to paragraph 63 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

64. In response to paragraph 64 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

65. In response to paragraph 65 of the Complaint, Experian admits that the allegations contained therein appear to set forth screenshots of various codes. Experian states that the screenshots speaks for themselves and, on that basis, denies any allegations in paragraph 201 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

66. In response to paragraph 66 of the Complaint, Experian admits that the allegations contained therein appear to set forth screenshot of pixel code. Experian states that the screenshot speaks for itself and, on that basis, denies any allegations in paragraph 66 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

67. In response to paragraph 67 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

68. In response to paragraph 68 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

*2. Persistent Identifiers*

69. In response to paragraph 69 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

70. In response to paragraph 70 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of Everything You Need to Know About Internet

Cookies, Microsoft (Apr. 25, 2023) https://www.microsoft.com/en-us/edge/learning-center/what-are-cookies?form=MA13I2 (last visited Jan. 19, 2026). Experian states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 70 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

71. In response to paragraph 71 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

72. In response to paragraph 72 of the Complaint, Experian admits that the allegations contained therein appear to set forth screenshot of pixel code. Experian states that the screenshot speaks for itself and, on that basis, denies any allegations in paragraph 72 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

73. In response to paragraph 73 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

74. In response to paragraph 74 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

**a. <u>IP Addresses</u>**

75. In response to paragraph 75 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

76. In response to paragraph 76 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of *What is the Internet Protocol?*, Cloudflare, https://www.cloudflare.com/learning/network-layer/internet-protocol (last visited Jan. 19, 2026), and *What is an RFC1918 Address?*, NetBeez, https://netbeez.net/blog/rfc1918 (last visited Jan. 19, 2026). Experian states that the publications speak for themselves and, on that basis, denies any allegations in paragraph 76 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

77. In response to paragraph 77 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

78. In response to paragraph 78 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

79. In response to paragraph 79 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of IPLocation.io, https://iplocation.io (last visited Jan. 19, 2026), and *IP Targeting: Understanding This Essential Marketing Tool*, Accudata (Nov. 20, 2023), https://www.accudata.com/blog/ip-targeting. Experian states that the publications speak for themselves and, on that basis, denies any allegations in paragraph 79 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

80. In response to paragraph 80 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of *Location-Based Targeting That Puts You in Control*, Choozle, https://choozle.com/geotargeting-strategies, Herbert Williams, *The Benefits of IP Address Targeting for Local Businesses*, LinkedIn (Nov. 29, 2023), https://www.linkedin.com/pulse/benefits-ip-address-targeting-local-businesses-herbert-williams-z7bhf, *IP Targeting: Understanding This Essential Marketing Tool*, ACCUDATA (Nov. 20, 2023), https://www.accudata.com/blog/ip-targeting, and Trey Titone, *The Future Of IP Address As An Advertising Identifier*, Ad Tech Explained (May 16, 2022), https://www.adtechexplained.com/p/the-future-of-ip-address-as-an-advertising-identifier. Experian states that the publications speak for themselves and, on that basis, denies any allegations in paragraph 80 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

81. In response to paragraph 81 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of *The Essential Guide to Geomarketing: Strategies, Tips & More*, Deep Sync (Nov. 20, 2023), https://deepsync.com/geomarketing, and *Personalize*

*Your Website And Digital Marketing Using IP Address*, Geofli, https://geofli.com/blog/how-to-use-ip-address-data-to-personalize-your-website-and-digitalmarketing-campaigns. Experian states that the publications speak for themselves and, on that basis, denies any allegations in paragraph 81 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

82. In response to paragraph 82 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of *IP Targeting*, Savant DSP, https://www.savantdsp.com/ip-targeting?gad_source=1&gclid=Cj0KCQjw1Yy5BhD-ARIsAI0RbXZJKJSqMI6p1xAxyqai1WhAiXRJTbX8qYhNuEvIfSCJ4jfOV5-5maUaAgtNEALw_wcB. Experian states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 82 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

83. In response to paragraph 83 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of *IP Targeting*, Savant DSP, https://www.savantdsp.com/ip-targeting?gad_source=1&gclid=Cj0KCQjw1Yy5BhD-ARIsAI0RbXZJKJSqMI6p1xAxyqai1WhAiXRJTbX8qYhNuEvIfSCJ4jfOV5-5maUaAgtNEALw_wcB. Experian states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 83 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

84. In response to paragraph 84 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of Herbert Williams, *The Benefits of IP Address Targeting for Local Businesses*, LinkedIn (Nov. 29, 2023), https://www.linkedin.com/pulse/benefits-ip-address-targeting-local-businesses-herbert-williams-z7bhf. Experian states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 84 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

85. In response to paragraph 85 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of Herbert Williams, *The Benefits of IP Address*

*Targeting for Local Businesses*, LinkedIn (Nov. 29, 2023), https://www.linkedin.com/pulse/benefits-ip-address-targeting-local-businesses-herbert-williams-z7bhf. Experian states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 85 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

86. In response to paragraph 86 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of Henrik Twetman & Gundars Bergmanis-Korats, *NATO Strategic Communications Centre of Excellence*, Data Brokers and Security (2020), https://stratcomcoe.org/cuploads/pfiles/data_brokers_and_security_20-01-2020.pdf. Experian states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 86 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

87. In response to paragraph 87 of the Complaint, and its footnote, Experian admits that the allegations contained therein appear to refer to and set forth a portion of *Is an IP Address Personal Data?,* Convesio, https://convesio.com/knowledgebase/article/is-an-ip-address-personal-data/, and *What is Personal Data?*, European Commission, https://commission.europa.eu/law/law-topic/data-protection/reform/what-personal-data_en. Experian states that the publications speak for themselves and, on that basis, denies any allegations in paragraph 87 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

**b. <u>Universal Resource Locator</u>**

88. In response to paragraph 88 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

89. In response to paragraph 89 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

90. In response to paragraph 90 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

91. In response to paragraph 91 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

92. In response to paragraph 92 of the Complaint, Experian admits that the allegations contained therein appear to set forth a screenshot from Rocket Mortgage's website. Experian states that the screenshot speaks for itself and, on that basis, denies any allegations in paragraph 92 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein..

93. In response to paragraph 93 of the Complaint, Experian admits that the allegations contained therein appear to set forth a screenshot from Rocket Mortgage's website. Experian states that the screenshot speaks for itself and, on that basis, denies any allegations in paragraph 93 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

94. In response to paragraph 94 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

95. In response to paragraph 95 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

**c. <u>Mobile Advertising Identifiers</u>**

96. In response to paragraph 96 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

97. In response to paragraph 97 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of SDK vs. API: What's the Difference, IBM, https://www.ibm.com/blog/sdk-vs-api/. Experian states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 97 inconsistent therewith. Unless specifically

admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

98. In response to paragraph 98 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of API vs. SDK: The Difference Explained (with Examples), GetStream, https://getstream.io/glossary/api-vs-sdk/. Experian states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 98 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

99. In response to paragraph 99 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of IBM, What is an API?, https://www.ibm.com/topics/api, SDK vs. API: What's the Difference?, IBM (July 13, 2011), https://www.ibm.com/blog/sdk-vs-api, and Application Programming Interface (API), https://www.ibm.com/cloud/learn/api. Experian states that the publications speak for themselves and, on that basis, denies any allegations in paragraph 99 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

100. In response to paragraph 100 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

101. In response to paragraph 101 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

102. In response to paragraph 102 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

103. In response to paragraph 103 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of Advertising ID, *Play Console Help*, https://support.google.com/googleplay/android-developer/answer/6048248 (last visited Jan. 19, 2026). Experian states that the publication speaks for itself and, on that basis, denies any allegations

in paragraph 103 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

104. In response to paragraph 104 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of Byron Tau, Means of Control: How the Hidden Alliance of Tech and Government is Creating a New American Surveillance State at 175 (2024), and *Louth v. NFL Enterprises LLC*, 2022 WL 4130866, at *3. Experian states that the publication and *Louth* speak for themselves and, on that basis, denies any allegations in paragraph 104 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

105. In response to paragraph 105 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of Thomas Tamblyn, Y*ou Can Effectively Track Anyone, Anywhere Just by the Adverts They Receive*, Huffington Post (Oct. 19, 2017), https://www.huffingtonpost.co.uk/entry/using-just-1000-worth-of-mobile-adverts-you-caneffectively-track-anyone_uk_59e87ccbe4b0d0e4fe6d6be5, and Willie Boag, *Trend Report: Apps Oversharing Your Advertising ID, Digital Watchdog*, https://digitalwatchdog.org/trend-report-apps-oversharing-your-advertising-id. Experian states that the publications speak for themselves and, on that basis, denies any allegations in paragraph 105 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

106. In response to paragraph 106 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

107. In response to paragraph 107 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of *What is IDFA?*, AppsFlyer, https://www.appsflyer.com/glossary/idfa/#:~:text=Identifier%20for%20Advertisers%2C%20or%20IDFA,of%20their%20post%2Dinstall%20activity. Experian states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 107 inconsistent therewith. Unless

specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

108. In response to paragraph 108 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

109. In response to paragraph 109 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of and an image from Kayleigh Barber, *WTF Is The Difference Between Id Bridging And Id Spoofing?*, Digiday (July 8, 2024), https://digiday.com/media/wtf-is-the-difference-between-id-bridging-and-id-spoofing. Experian states that the publication and image speaks for themselves and, on that basis, denies any allegations in paragraph 109 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

110. In response to paragraph 110 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of Matt Keiser, *How Can ID Bridging – The Foundation of Our Space – Suddenly Be a Bad Thing?*, Ad Exchanger, https://www.adexchanger.com/data-driven-thinking/how-can-id-bridging-the-foundation-of-our-space-suddenly-be-a-bad-thing, Programmatic Advertising, Amazon Ads, https://advertising.amazon.com/blog/programmatic-advertising#, and an image from Anete Jodzevica, *ID Bridging: The Privacy-First Future of Audience Targeting*, Setup Ad (Nov. 15, 2024), https://setupad.com/blog/id-bridging. Experian states that the publications and image speak for themselves and, on that basis, denies any allegations in paragraph 110 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

111. In response to paragraph 111 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of Bennett Crumbling, *What Is 'ID Bridging' And How Publishers Use It To Grow Direct And Programmatic Revenue?*, Optable (Aug. 22, 2024), https://www.optable.co/blog/what-is-id-bridging. Experian states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 111 inconsistent therewith. Unless

specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

112. In response to paragraph 112 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

113. In response to paragraph 113 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of Budi Tanzi, *New OpenRTB Specs Ensure Identity Resolution Can Be Done Transparently With Trusted Partners*, Experian (Dec. 18, 2024), https://www.experian.com/blogs/marketing-forward/new-openrtb-specs-ensure-identity-resolution-can-be-done-transparently-with-trusted-partners. Experian states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 113 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

114. In response to paragraph 114 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of *Katz-Lacabe v. Oracle Am., Inc.*, 688 F. Supp. 3d 928, 940 (N.D. Cal. 2023). Experian states that *Katz-Lacabe* speaks for itself and, on that basis, denies any allegations in paragraph 114 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

115. In response to paragraph 115 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of Google's Shadow Profile: A Dossier of Consumers Online and Real World Life at 1 (Feb. 2019), https://tinyurl.com/2mtuh7vf. Experian states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 115 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

116. In response to paragraph 116 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

**d. <u>Other Identifiers</u>**

117. In response to paragraph 117 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

118. In response to paragraph 118 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

119. In response to paragraph 119 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

120. In response to paragraph 120 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

*3. Identity Resolution*

121. In response to paragraph 121 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

122. In response to paragraph 122 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of Resolution Solutions, Experian, https://www.experian.com/marketing/consumer-sync/identity-resolution. Experian states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 122 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

123. In response to paragraph 123 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

124. In response to paragraph 124 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

125. In response to paragraph 125 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

126. In response to paragraph 126 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of Lotame Crowd Control, Conduit, https://app.getconduit.app/web/integration/lotame-crowd-control, Data Broker Registration for Lotame Solutions, Inc., https://oag.ca.gov/data-broker/registration/186954, Panorama Graph,

https://www.lotame.com/panorama-identity-graph, and Triple Lift, https://triplelift.com. Experian states that the publications speak for themselves and, on that basis, denies any allegations in paragraph 126 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

127. In response to paragraph 127 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

128. In response to paragraph 128 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

129. In response to paragraph 129 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

130. In response to paragraph 130 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

131. In response to paragraph 131 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

132. In response to paragraph 132 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**B. Experian**

133. In response to paragraph 133 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

134. In response to paragraph 134 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of Justin Sherman, Duke Sanford Cyber Policy Program, Data Brokers and Sensitive Data on U.S. Individuals: Threats to American Civil Rights, National Security, and Democracy (2021), https://techpolicy.sanford.duke.edu/wp-content/uploads/2021/08/Data-Brokers-and-Sensitive-Data-on-US-Individuals-Sherman-

2021.pdf. Experian states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 134 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

135. In response to paragraph 135 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of Justin Sherman, Duke Sanford Cyber Policy Program, Data Brokers and Sensitive Data on U.S. Individuals: Threats to American Civil Rights, National Security, and Democracy (2021), https://techpolicy.sanford.duke.edu/wp-content/uploads/2021/08/Data-Brokers-and-Sensitive-Data-on-US-Individuals-Sherman-2021.pdf. Experian states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 135 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

136. In response to paragraph 136 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of David Ingram and Julia Fioretti, Facebook Cuts Ties to Data Brokers in Blow to Targeted Ads, Reuters (Mar. 29, 2018), https://www.reuters.com/article/uk-facebook-privacy/facebook-cuts-ties-to-data-brokers-in-blow-to-targeted-ads-idUKKBN1H41LZ/?edition-redirect=uk. Experian states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 136 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

137. In response to paragraph 137 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of Anthony Vargas, How Experian is Using Tapad to Build New ID Resolution and Analytics Products, AdExchanger (Feb. 21, 2023), https://www.adexchanger.com/data-exchanges/how-experian-is-using-Tapad-to-build-new-id-resolution-and-analytics-products. Experian states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 137 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

138. In response to paragraph 138 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

139. In response to paragraph 139 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

140. In response to paragraph 140 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of Anthony Vargas, How Experian is Using Tapad to Build New ID Resolution and Analytics Products, AdExchanger (Feb. 21, 2023), https://www.adexchanger.com/data-exchanges/how-experian-is-using-Tapad-to-build-new-id-resolution-and-analytics-products. Experian states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 140 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

141. In response to paragraph 141 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

142. In response to paragraph 142 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

143. In response to paragraph 143 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of Anthony Vargas, How Experian is Using Tapad to Build New ID Resolution and Analytics Products, AdExchanger (Feb. 21, 2023), https://www.adexchanger.com/data-exchanges/how-experian-is-using-Tapad-to-build-new-id-resolution-and-analytics-products. Experian states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 143 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

144. In response to paragraph 140 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of Consumer View, Experian, https://www.experian.com/marketing/consumer-view. Experian states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 144 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

145. In response to paragraph 145 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of Anthony Vargas, How Experian is Using Tapad to Build New ID Resolution and Analytics Products, AdExchanger (Feb. 21, 2023), https://www.adexchanger.com/data-exchanges/how-experian-is-using-Tapad-to-build-new-id-resolution-and-analytics-products. Experian states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 145 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

146. In response to paragraph 146 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of Consumer Sync, Experian, https://www.experian.com/marketing/consumer-sync. Experian states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 146 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

147. In response to paragraph 147 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

148. In response to paragraph 148 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

149. In response to paragraph 149 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

150. In response to paragraph 150 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

## III. DEFENDANTS' TAPAD PIXELS ARE PRESENT ON EACH OF THE SUBJECT WEBSITES

151. In response to paragraph 151 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

### A. Buzzfeed

152. In response to paragraph 152 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

153. In response to paragraph 153 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

154. In response to paragraph 154 of the Complaint, Experian admits that the allegations contained therein appear to set forth a screenshot from Buzzfeed's website. Experian states that the screenshot speaks for itself and, on that basis, denies any allegations in paragraph 154 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

155. In response to paragraph 155 of the Complaint, Experian admits that the allegations contained therein appear to set forth a screenshot from Buzzfeed's website. Experian states that the screenshot speaks for itself and, on that basis, denies any allegations in paragraph 155 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

156. In response to paragraph 156 of the Complaint, Experian admits that the allegations contained therein appear to set forth a screenshot from Buzzfeed's website. Experian states that the screenshot speaks for itself and, on that basis, denies any allegations in paragraph 156 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

157. In response to paragraph 157 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

158. In response to paragraph 158 of the Complaint, Experian admits that the allegations contained therein appear to set forth a screenshot from Buzzfeed's website. Experian states that the screenshot speaks for itself and, on that basis, denies any allegations in paragraph 158 inconsistent

therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

159. In response to paragraph 159 of the Complaint, Experian admits that the allegations contained therein appear to set forth a screenshot from Buzzfeed's website. Experian states that the screenshot speaks for itself and, on that basis, denies any allegations in paragraph 159 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

160. In response to paragraph 160 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

161. In response to paragraph 161 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

162. In response to paragraph 162 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

163. In response to paragraph 163 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

164. In response to paragraph 164 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

165. In response to paragraph 165 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

**B. Bon Appetit**

166. In response to paragraph 166 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

167. In response to paragraph 167 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

168. In response to paragraph 168 of the Complaint, Experian admits that the allegations contained therein appear to set forth a screenshot from Bon Appetit's website. Experian states that the screenshot speaks for itself and, on that basis, denies any allegations in paragraph 168 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

169. In response to paragraph 169 of the Complaint, Experian admits that the allegations contained therein appear to set forth a screenshot from Bon Appetit's website. Experian states that the screenshot speaks for itself and, on that basis, denies any allegations in paragraph 169 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

170. In response to paragraph 170 of the Complaint, Experian admits that the allegations contained therein appear to set forth a screenshot from Bon Appetit's website. Experian states that the screenshot speaks for itself and, on that basis, denies any allegations in paragraph 170 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

171. In response to paragraph 171 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

172. In response to paragraph 172 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

173. In response to paragraph 173 of the Complaint, Experian admits that the allegations contained therein appear to set forth a screenshot from Bon Appetit's website. Experian states that the screenshot speaks for itself and, on that basis, denies any allegations in paragraph 173 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

174. In response to paragraph 174 of the Complaint, Experian admits that the allegations contained therein appear to set forth a screenshot from Bon Appetit's website. Experian states that

the screenshot speaks for itself and, on that basis, denies any allegations in paragraph 174 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

175. In response to paragraph 175 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

176. In response to paragraph 176 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

177. In response to paragraph 177 of the Complaint, Experian admits that the allegations contained therein appear to set forth a screenshot from Bon Appetit's website. Experian states that the screenshot speaks for itself and, on that basis, denies any allegations in paragraph 177 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

178. In response to paragraph 178 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

179. In response to paragraph 179 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

**C. GEICO**

180. In response to paragraph 180 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

181. In response to paragraph 181 of the Complaint, Experian admits that the allegations contained therein appear to set forth a screenshot from Geico's website. Experian states that the screenshot speaks for itself and, on that basis, denies any allegations in paragraph 181 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

182. In response to paragraph 182 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

183. In response to paragraph 183 of the Complaint, Experian admits that the allegations contained therein appear to set forth a screenshot from Geico's website. Experian states that the screenshot speaks for itself and, on that basis, denies any allegations in paragraph 183 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

184. In response to paragraph 184 of the Complaint, Experian admits that the allegations contained therein appear to set forth a screenshot from Geico's website. Experian states that the screenshot speaks for itself and, on that basis, denies any allegations in paragraph 184 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

185. In response to paragraph 185 of the Complaint, Experian admits that the allegations contained therein appear to set forth a screenshot from Geico's website. Experian states that the screenshot speaks for itself and, on that basis, denies any allegations in paragraph 185 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

186. In response to paragraph 186 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

187. In response to paragraph 187 of the Complaint, Experian admits that the allegations contained therein appear to set forth a screenshot from Geico's website. Experian states that the screenshot speaks for itself and, on that basis, denies any allegations in paragraph 187 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

188. In response to paragraph 188 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

**C. Loan Depot**

189. In response to paragraph 189 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

190. In response to paragraph 190 of the Complaint, Experian admits that the allegations contained therein appear to set forth a screenshot from Loan Depot's website. Experian states that the screenshot speaks for itself and, on that basis, denies any allegations in paragraph 190 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

191. In response to paragraph 191 of the Complaint, Experian admits that the allegations contained therein appear to set forth a screenshot from Loan Depot's website. Experian states that the screenshot speaks for itself and, on that basis, denies any allegations in paragraph 191 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

192. In response to paragraph 192 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

193. In response to paragraph 193 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

194. In response to paragraph 194 of the Complaint, Experian admits that the allegations contained therein appear to set forth a screenshot from Loan Depot's website. Experian states that the screenshot speaks for itself and, on that basis, denies any allegations in paragraph 194 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

195. In response to paragraph 195 of the Complaint, Experian admits that the allegations contained therein appear to set forth a screenshot from Loan Depot's website. Experian states that the screenshot speaks for itself and, on that basis, denies any allegations in paragraph 195 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

196. In response to paragraph 196 of the Complaint, Experian admits that the allegations contained therein appear to set forth a screenshot from Loan Depot's website. Experian states that the screenshot speaks for itself and, on that basis, denies any allegations in paragraph 196

inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

197. In response to paragraph 197 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

198. In response to paragraph 198 of the Complaint, Experian admits that the allegations contained therein appear to set forth a screenshot from Loan Depot's website. Experian states that the screenshot speaks for itself and, on that basis, denies any allegations in paragraph 198 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

199. In response to paragraph 199 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

**D. Zillow**

200. In response to paragraph 200 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

201. In response to paragraph 201 of the Complaint, including its footnote, Experian admits that the allegations contained therein appear to set forth screenshots from Zillow's website. Experian states that the screenshots speaks for themselves and, on that basis, denies any allegations in paragraph 201 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

202. In response to paragraph 202 of the Complaint, Experian admits that the allegations contained therein appear to set forth a screenshot from Zillow's website. Experian states that the screenshot speaks for itself and, on that basis, denies any allegations in paragraph 202 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

203. In response to paragraph 203 of the Complaint, Experian admits that the allegations contained therein appear to set forth screenshots from Zillow's website. Experian states that the screenshots speaks for themselves and, on that basis, denies any allegations in paragraph 203

inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

204. In response to paragraph 204 of the Complaint, Experian admits that the allegations contained therein appear to set forth a screenshot from Zillow's website. Experian states that the screenshot speaks for itself and, on that basis, denies any allegations in paragraph 204 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

205. In response to paragraph 205 of the Complaint, Experian admits that the allegations contained therein appear to set forth a screenshot from Zillow's website. Experian states that the screenshot speaks for itself and, on that basis, denies any allegations in paragraph 205 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

206. In response to paragraph 206 of the Complaint, Experian admits that the allegations contained therein appear to set forth a screenshot from Zillow's website. Experian states that the screenshot speaks for itself and, on that basis, denies any allegations in paragraph 206 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

207. In response to paragraph 207 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

208. In response to paragraph 208 of the Complaint, Experian admits that the allegations contained therein appear to set forth a screenshot from Zillow's website. Experian states that the screenshot speaks for itself and, on that basis, denies any allegations in paragraph 208 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

209. In response to paragraph 209 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

**E. Rocket Mortgage**

210. In response to paragraph 210 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

211. In response to paragraph 211 of the Complaint, Experian admits that the allegations contained therein appear to set forth a screenshot from Rocket Mortgage's website. Experian states that the screenshot speaks for itself and, on that basis, denies any allegations in paragraph 211 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

212. In response to paragraph 212 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

213. In response to paragraph 213 of the Complaint, Experian admits that the allegations contained therein appear to set forth a screenshot from Rocket Mortgage's website. Experian states that the screenshot speaks for itself and, on that basis, denies any allegations in paragraph 213 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

214. In response to paragraph 214 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

215. In response to paragraph 215 of the Complaint, Experian admits that the allegations contained therein appear to set forth screenshots from Rocket Mortgage's website. Experian states that the screenshots speaks for themselves and, on that basis, denies any allegations in paragraph 215 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

216. In response to paragraph 216 of the Complaint, Experian admits that the allegations contained therein appear to set forth screenshots from Rocket Mortgage's website. Experian states that the screenshots speaks for themselves and, on that basis, denies any allegations in paragraph

216 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

217. In response to paragraph 217 of the Complaint, Experian admits that the allegations contained therein appear to set forth a screenshot from Rocket Mortgage's website. Experian states that the screenshot speaks for itself and, on that basis, denies any allegations in paragraph 217 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

218. In response to paragraph 218 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

219. In response to paragraph 219 of the Complaint, Experian admits that the allegations contained therein appear to set forth a screenshot from Rocket Mortgage's website. Experian states that the screenshot speaks for itself and, on that basis, denies any allegations in paragraph 219 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

220. In response to paragraph 220 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

221. In response to paragraph 221 of the Complaint, Experian admits that the allegations contained therein appear to set forth a screenshot from Rocket Mortgage's website. Experian states that the screenshot speaks for itself and, on that basis, denies any allegations in paragraph 221 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

222. In response to paragraph 222 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

## IV. DEFENDANTS' SERVICES DEANONYMIZE USERS AND ENRICH DEFENDANTS, WEBSITE OPERATORS, AND PARTNER PIXELS ALIKE THROUGH REAL-TIME-BIDDING AND PROFILING INDIVIDUALS

### A. Defendants Combine The Data From All The Subject Websites With Other Data To Deanonymize Users

223. In response to paragraph 223 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

224. In response to paragraph 224 of the Complaint Experian denies, generally and specifically, each and every allegation contained therein.

225. In response to paragraph 225 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

226. In response to paragraph 226 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of Justin Sherman, Duke Sanford Cyber Policy Program, Data Brokers and Sensitive Data on U.S. Individuals: Threats to American Civil Rights, National Security, and Democracy (2021), https://techpolicy.sanford.duke.edu/wp-content/uploads/2021/08/Data-Brokers-and-Sensitive-Data-on-US-Individuals-Sherman-2021.pdf. Experian states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 226 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

227. In response to paragraph 227 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of Justin Sherman, Duke Sanford Cyber Policy Program, Data Brokers and Sensitive Data on U.S. Individuals: Threats to American Civil Rights, National Security, and Democracy (2021), https://techpolicy.sanford.duke.edu/wp-content/uploads/2021/08/Data-Brokers-and-Sensitive-Data-on-US-Individuals-Sherman-2021.pdf. Experian states that the publication speaks for itself and, on that basis, denies any allegations in paragraph 227 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

228. In response to paragraph 228 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

229. In response to paragraph 229 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

**B. The Partner Pixels Use The Profiles Created By Defendants To Enhance Their Advertising And Analytics Services**

230. In response to paragraph 230 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

231. In response to paragraph 231 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

232. In response to paragraph 232 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

233. In response to paragraph 233 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

234. In response to paragraph 234 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

235. In response to paragraph 235 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

236. In response to paragraph 236 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

## V. PLAINTIFFS' EXPERIENCES

### A. Plaintiff Maria Lopez

237. The allegations in paragraph 237 of the Complaint relate solely to Plaintiff Maria Lopez, who has been dismissed, and therefore no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

238. The allegations in paragraph 238 of the Complaint relate solely to Plaintiff Maria Lopez, who has been dismissed, and therefore no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

239. The allegations in paragraph 239 of the Complaint relate solely to Plaintiff Maria Lopez, who has been dismissed, and therefore no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

240. The allegations in paragraph 240 of the Complaint relate solely to Plaintiff Maria Lopez, who has been dismissed, and therefore no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

241. The allegations in paragraph 241 of the Complaint relate solely to Plaintiff Maria Lopez, who has been dismissed, and therefore no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

242. The allegations in paragraph 242 of the Complaint relate solely to Plaintiff Maria Lopez, who has been dismissed, and therefore no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

243. The allegations in paragraph 243 of the Complaint relate solely to Plaintiff Maria Lopez, who has been dismissed, and therefore no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

244. The allegations in paragraph 244 of the Complaint relate solely to Plaintiff Maria Lopez, who has been dismissed, and therefore no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

245. The allegations in paragraph 245 of the Complaint relate solely to Plaintiff Maria Lopez, who has been dismissed, and therefore no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

246. The allegations in paragraph 246 of the Complaint relate solely to Plaintiff Maria Lopez, who has been dismissed, and therefore no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

247. The allegations in paragraph 247 of the Complaint relate solely to Plaintiff Maria Lopez, who has been dismissed, and therefore no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

248. The allegations in paragraph 248 of the Complaint relate solely to Plaintiff Maria Lopez, who has been dismissed, and therefore no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

249. The allegations in paragraph 249 of the Complaint relate solely to Plaintiff Maria Lopez, who has been dismissed, and therefore no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

250. The allegations in paragraph 250 of the Complaint relate solely to Plaintiff Maria Lopez, who has been dismissed, and therefore no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**B. Plaintiff Ariel Gilligan**

251. In response to paragraph 251 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

252. In response to paragraph 252 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

253. In response to paragraph 253 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

254. In response to paragraph 254 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

255. In response to paragraph 255 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

256. In response to paragraph 256 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

257. In response to paragraph 257 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

258. In response to paragraph 258 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

259. In response to paragraph 259 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

260. In response to paragraph 260 of the Complaint, Experian admits that Plaintiffs allege that Plaintiff Gilligan did not give her consent. Experian states that this is a legal conclusion that is not subject to denial or admission. To the extent a further response is required, Experian denies, generally and specifically, each and every allegation contained therein.

261. In response to paragraph 261 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

**C. Plaintiff Kirstie Semien**

262. The allegations in paragraph 262 of the Complaint relate solely to Plaintiff Kirstie Semien, who has been dismissed, and therefore no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

263. The allegations in paragraph 263 of the Complaint relate solely to Plaintiff Kirstie Semien, who has been dismissed, and therefore no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

264. The allegations in paragraph 264 of the Complaint relate solely to Plaintiff Kirstie Semien, who has been dismissed, and therefore no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth

of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

265. The allegations in paragraph 265 of the Complaint relate solely to Plaintiff Kirstie Semien, who has been dismissed, and therefore no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

266. The allegations in paragraph 266 of the Complaint relate solely to Plaintiff Kirstie Semien, who has been dismissed, and therefore no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

267. The allegations in paragraph 267 of the Complaint relate solely to Plaintiff Kirstie Semien, who has been dismissed, and therefore no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

268. The allegations in paragraph 268 of the Complaint relate solely to Plaintiff Kirstie Semien, who has been dismissed, and therefore no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

269. The allegations in paragraph 269 of the Complaint relate solely to Plaintiff Kirstie Semien, who has been dismissed, and therefore no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

270. The allegations in paragraph 270 of the Complaint relate solely to Plaintiff Kirstie Semien, who has been dismissed, and therefore no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

271. The allegations in paragraph 271 of the Complaint relate solely to Plaintiff Kirstie Semien, who has been dismissed, and therefore no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

272. The allegations in paragraph 272 of the Complaint relate solely to Plaintiff Kirstie Semien, who has been dismissed, and therefore no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**D. Plaintiff Logan Mitchell**

273. In response to paragraph 273 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

274. In response to paragraph 274 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

275. In response to paragraph 275 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

276. In response to paragraph 276 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

277. In response to paragraph 277 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

278. In response to paragraph 278 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

279. In response to paragraph 279 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

280. In response to paragraph 280 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

281. In response to paragraph 281 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

282. In response to paragraph 282 of the Complaint, Experian admits that Plaintiffs allege that Plaintiff Mitchell did not give his consent. Experian states that this is a legal conclusion that is not subject to denial or admission. To the extent a further response is required, Experian denies, generally and specifically, each and every allegation contained therein.

283. In response to paragraph 283 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

**E. Plaintiff Michael Selby**

284. The allegations in paragraph 284 of the Complaint relate solely to Plaintiff Michael Selby, who has been dismissed, and therefore no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

285. The allegations in paragraph 285 of the Complaint relate solely to Plaintiff Michael Selby, who has been dismissed, and therefore no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

286. The allegations in paragraph 286 of the Complaint relate solely to Plaintiff Michael Selby, who has been dismissed, and therefore no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

287. The allegations in paragraph 287 of the Complaint relate solely to Plaintiff Michael Selby, who has been dismissed, and therefore no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

288. The allegations in paragraph 288 of the Complaint relate solely to Plaintiff Michael Selby, who has been dismissed, and therefore no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

289. The allegations in paragraph 289 of the Complaint relate solely to Plaintiff Michael Selby, who has been dismissed, and therefore no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

290. The allegations in paragraph 290 of the Complaint relate solely to Plaintiff Michael Selby, who has been dismissed, and therefore no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

291. The allegations in paragraph 291 of the Complaint relate solely to Plaintiff Michael Selby, who has been dismissed, and therefore no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of

the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

292. The allegations in paragraph 292 of the Complaint relate solely to Plaintiff Michael Selby, who has been dismissed, and therefore no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

293. The allegations in paragraph 293 of the Complaint relate solely to Plaintiff Michael Selby, who has been dismissed, and therefore no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

294. The allegations in paragraph 294 of the Complaint relate solely to Plaintiff Michael Selby, who has been dismissed, and therefore no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

295. The allegations in paragraph 295 of the Complaint relate solely to Plaintiff Michael Selby, who has been dismissed, and therefore no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

296. The allegations in paragraph 296 of the Complaint relate solely to Plaintiff Michael Selby, who has been dismissed, and therefore no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**CLASS ALLEGATIONS**

297. In response to paragraph 297 of the Complaint, Experian admits that Plaintiffs seek to represent a nationwide putative class as outlined in paragraph 297 of the Complaint. Experian denies that this action is suitable for class adjudication. Experian denies that the proposed class satisfies the requirements of the Federal Rule of Civil Procedure 23 or that it is otherwise proper or legally sufficient. Experian denies that the putative class is properly defined. Experian denies any remaining allegations in paragraph 297.

298. In response to paragraph 298 of the Complaint, Experian admits that Plaintiffs seek to represent a California putative class as outlined in paragraph 298 of the Complaint. Experian denies that this action is suitable for class adjudication. Experian denies that the proposed class satisfies the requirements of the Federal Rule of Civil Procedure 23 or that it is otherwise proper or legally sufficient. Experian denies that the putative class is properly defined. Experian denies any remaining allegations in paragraph 298.

299. In response to paragraph 299 of the Complaint, Experian d Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

300. In response to paragraph 300 of the Complaint, Experian admits that Plaintiffs allege certain individuals and entities are excluded from the classes. Experian states that this is a legal conclusion that is not subject to denial or admission. Experian admits that Plaintiffs seek to represent putative classes as outlined in paragraph 297 and 298 of the Complaint. Experian denies that this action is suitable for class adjudication. Experian denies that the proposed classes satisfy the requirements of the Federal Rule of Civil Procedure 23 or that they are otherwise proper or legally sufficient. Experian denies that the putative class is properly defined. Experian denies any remaining allegations in paragraph 300.

301. In response to paragraph 301 of the Complaint, Experian admits that Plaintiffs allege that “[m]embers of the Class are so numerous that joinder of all members would be unfeasible and not practicable.” Experian states that this is a legal conclusion that is not subject to denial or

admission. Experian admits that Plaintiffs seek to represent putative classes as outlined in paragraphs 297 and 298 of the Complaint. Experian denies that this action is suitable for class adjudication. Experian denies that the proposed classes satisfy the requirements of the Federal Rule of Civil Procedure 23 or that they are otherwise proper or legally sufficient. Experian denies that the putative classes are properly defined. Experian denies any remaining allegations in paragraph 301.

302. In response to paragraph 302 of the Complaint, Experian admits that Plaintiffs allege that "Plaintiff's claims are typical of the claims of the Classes." Experian states that this is a legal conclusion that is not subject to denial or admission. Experian admits that Plaintiffs seek to represent putative classes as outlined in paragraphs 297 and 298 of the Complaint. Experian denies that this action is suitable for class adjudication. Experian denies that the proposed classes satisfy the requirements of the Federal Rule of Civil Procedure 23 or that they are otherwise proper or legally sufficient. Experian denies that the putative classes are properly defined. Experian denies any remaining allegations in paragraph 302.

303. In response to paragraph 303 of the Complaint, Experian admits that Plaintiffs allege that "Plaintiffs are fully prepared to take all necessary steps to represent fairly and adequately the interests of the Classes." Experian states that this is a legal conclusion that is not subject to denial or admission. Experian admits that Plaintiffs seek to represent putative classes as outlined in paragraphs 297 and 298 of the Complaint. Experian denies that this action is suitable for class adjudication. Experian denies that the proposed classes satisfy the requirements of the Federal Rule of Civil Procedure 23 or that they are otherwise proper or legally sufficient. Experian denies that the putative classes are properly defined. Experian denies any remaining allegations in paragraph 303.

304. In response to paragraph 304 of the Complaint, including subparts (a)-(c), Experian admits that Plaintiffs allege that "[q]uestions of law and fact common to the members of the Classes predominate over questions that may affect only individual members." Experian states that this is a legal conclusion that is not subject to denial or admission. Experian admits that Plaintiffs seek to represent putative classes as outlined in paragraphs 297 and 298 of the Complaint. Experian denies

that this action is suitable for class adjudication. Experian denies that the proposed classes satisfy the requirements of the Federal Rule of Civil Procedure 23 or that they are otherwise proper or legally sufficient. Experian denies that the putative classes are properly defined. Experian denies any remaining allegations in paragraph 304.

305. In response to paragraph 305 of the Complaint, Experian admits that Plaintiffs allege that "[c]lass action treatment is a superior method for the fair and efficient adjudication of the controversy." Experian states that this is a legal conclusion that is not subject to denial or admission. Experian admits that Plaintiffs seek to represent putative classes as outlined in paragraphs 297 and 298 of the Complaint. Experian denies that this action is suitable for class adjudication. Experian denies that the proposed classes satisfy the requirements of the Federal Rule of Civil Procedure 23 or that they are otherwise proper or legally sufficient. Experian denies that the putative classes are properly defined. Experian denies any remaining allegations in paragraph 305.

## **CAUSES OF ACTION**

## **COUNT I**

### **Intrusion Upon Seclusion**

306. In response to paragraph 306 of the Complaint, Experian repeats, realleges, and incorporates by reference paragraphs 1 through 305 above as if fully set forth herein.

307. In response to paragraph 307 of the Complaint, Experian admits that Plaintiffs purport to bring this claim individually and on behalf of the putative classes.

308. In response to paragraph 308 of the Complaint, Experian admits that Plaintiffs purport to bring this claim pursuant to California law.

309. In response to paragraph 309 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of *Hernandez v. Hillsides, Inc.* 47 Cal. 4th 272, 286–87 (2009). Experian states that *Hernandez* speaks for itself and, on that basis, denies any allegations in paragraph 309 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

310. In response to paragraph 310 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

311. In response to paragraph 311 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

312. In response to paragraph 312 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

313. In response to paragraph 313 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

314. In response to paragraph 314 of the Complaint, including subparts (a)-(d), Experian denies, generally and specifically, each and every allegation contained therein.

315. In response to paragraph 315 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

316. In response to paragraph 316 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

317. In response to paragraph 317 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

## **COUNT II**

**Violation Of The California Invasion of Privacy Act**
**Cal. Penal Code § 631(a)**

318. In response to paragraph 318 of the Complaint, Experian repeats, realleges, and incorporates by reference paragraphs 1 through 317 above as if fully set forth herein.

319. In response to paragraph 319 of the Complaint, Experian admits that Plaintiffs purport to bring this claim individually and on behalf of the putative classes.

320. In response to paragraph 320 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of Cal. Penal Code § 630. Experian states that the law speaks for itself and, on that basis, denies any allegations in paragraph 320 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

321. In response to paragraph 321 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of *Ribas v. Clark*, 38 Cal. 3d 355, 361 (1985), and *U.S. Dep't of Justice v. Reporters Comm. For Freedom of the Press*, 489 U.S. 749, 763–64 (1989). Experian states that *Ribas* and *Reporters Comm. For Freedom of the Press* speak for themselves and, on that basis, denies any allegations in paragraph 321 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

322. In response to paragraph 322 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of *Javier v. Assurance IQ, LLC*, 2022 WL 1744107 (9th Cir. May 31, 2022), *In re Google Inc.*, 2013 WL 5423918 (N.D. Cal. Sep. 26, 2013), and *Matera v. Google Inc.*, 2016 WL 8200619 (N.D. Cal. Aug. 12, 2016). Experian states that *Javier*, *In re Google*, and *Materia* speak for themselves and, on that basis, denies any allegations in paragraph 322 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

323. In response to paragraph 323 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of *Tavernetti v. Superior Ct.*, 22 Cal. 3d 187, 192–93 (1978). Experian states that *Tavernetti* speaks for itself and, on that basis, denies any allegations in paragraph 323 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

324. In response to paragraph 324 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of *Javier v. Assurance IQ, LLC*, 2022 WL 1744107 (9th Cir. May 31, 2022). Experian states that *Javier* speaks for itself and, on that basis, denies any allegations in paragraph 324 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

325. In response to paragraph 325 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

326. In response to paragraph 326 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of *Saleh v. Nike, Inc.*, 562 F. Supp. 3d 503, 520 (C.D.

Cal. 2021) and *Javier v. Assurance IQ, LLC*, 2022 WL 1744107 (9th Cir. May 31, 2022). Experian states that *Saleh* and *Javier*, speak for themselves and, on that basis, denies any allegations in paragraph 326 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein. In response to paragraph 327 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

327. In response to paragraph 327 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

328. In response to paragraph 328 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

329. In response to paragraph 329 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

330. In response to paragraph 330 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

331. In response to paragraph 331 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

## COUNT III

### Violation Of The California Invasion Of Privacy Act, Cal. Penal Code § 638.51(a)

332. In response to paragraph 332 of the Complaint, Experian repeats, realleges, and incorporates by reference paragraphs 1 through 331 above as if fully set forth herein.

333. In response to paragraph 333 of the Complaint, Experian admits that Plaintiffs purport to bring this claim individually and on behalf of the putative classes.

334. In response to paragraph 334 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of CIPA § 638.51(a). Experian states that the law speaks for itself and, on that basis, denies any allegations in paragraph 334 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

335. In response to paragraph 335 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of CIPA § 638.50(b). Experian states that the law speaks for itself and, on that basis, denies any allegations in paragraph 335 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

336. In response to paragraph 336 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of Cal. Penal Code § 638.50(c). Experian states that the law speaks for itself and, on that basis, denies any allegations in paragraph 336 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

337. In response to paragraph 337 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

338. In response to paragraph 338 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

339. In response to paragraph 339 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of *Shah v. Fandom, Inc.*, --- F. Supp. 3d ---, 2024 WL 4539577, at *21 (N.D. Cal. Oct. 21, 2024); *Mirmalek v. Los Angeles Times Communications LLC*, 2024 WL 5102709, at *3-4 (N.D. Cal. Dec. 12, 2024); *Lesh v. Cable News Network, Inc.*, --- F. Supp. 3d ---, 2025 WL 563358, at *3–5 (S.D.N.Y. Feb. 20, 2025); *Moody v. C2 Educ. Sys. Inc.*, 742 F. Supp. 3d 1072, 1076 (C.D. Cal. 2024); and *Greenley v. Kochava, Inc.*, 684 F. Supp. 3d 1024, 1050 (S.D. Cal. 2023). Experian states that *Shah*, *Mirmalek*, *Lesh*, *Moody*, and *Greenley* speak for themselves and, on that basis, denies any allegations in paragraph 339 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

340. In response to paragraph 340 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of Cal. Penal Code § 638.50(b); *Shah v. Fandom,*

*Inc.*, --- F. Supp. 3d ---, 2024 WL 4539577, at *3 (N.D. Cal. Oct. 21, 2024); and *Mirmalek v. Los Angeles Times Communications LLC*, 2024 WL 5102709, at *3 (N.D. Cal. Dec. 12, 2024. Experian states that the law, *Shah*, and *Mirmalek* speak for themselves and, on that basis, denies any allegations in paragraph 340 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

341. In response to paragraph 341 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

342. In response to paragraph 342 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

343. In response to paragraph 343 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

344. In response to paragraph 344 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

## COUNT IV

### Unjust Enrichment

345. In response to paragraph 345 of the Complaint, Experian repeats, realleges, and incorporates by reference paragraphs 1 through 344 above as if fully set forth herein.

346. In response to paragraph 346 of the Complaint, Experian states that this claim has been dismissed and therefore no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

347. In response to paragraph 347 of the Complaint, Experian states that this claim has been dismissed and therefore no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

348. In response to paragraph 348 of the Complaint, Experian states that this claim has been dismissed and therefore no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

349. In response to paragraph 349 of the Complaint, Experian states that this claim has been dismissed and therefore no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

350. In response to paragraph 350 of the Complaint, Experian states that this claim has been dismissed and therefore no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

351. In response to paragraph 351 of the Complaint, Experian states that this claim has been dismissed and therefore no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

352. In response to paragraph 352 of the Complaint, Experian states that this claim has been dismissed and therefore no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

353. In response to paragraph 353 of the Complaint, Experian states that this claim has been dismissed and therefore no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations

contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

354. In response to paragraph 354 of the Complaint, Experian states that this claim has been dismissed and therefore no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

355. In response to paragraph 355 of the Complaint, Experian states that this claim has been dismissed and therefore no response is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

## COUNT V

### Violation of the Electronic Communications Privacy Act 18 U.S.C. § 2511(1), *et seq*

356. In response to paragraph 356 of the Complaint, Experian repeats, realleges, and incorporates by reference paragraphs 1 through 355 above as if fully set forth herein.

357. In response to paragraph 357 of the Complaint, Experian admits that Plaintiffs purport to bring this claim individually and on behalf of the putative classes.

358. In response to paragraph 358 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of 18 U.S.C. § 2511. Experian states that the law speaks for itself and, on that basis, denies any allegations in paragraph 358 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

359. In response to paragraph 359 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

360. In response to paragraph 360 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of 18 U.S.C. § 2520(a). Experian states that the law speaks for itself and, on that basis, denies any allegations in paragraph 360 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

361. In response to paragraph 361 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

362. In response to paragraph 362 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of 18 U.S.C. § 2510(12). Experian states that the law speaks for itself and, on that basis, denies any allegations in paragraph 362 inconsistent therewith. With respect to the remaining allegations in paragraph 362, Experian denies, generally and specifically, each and every allegation contained therein.

363. In response to paragraph 363 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of 18 U.S.C. § 2510(8). Experian states that the law speaks for itself and, on that basis, denies any allegations in paragraph 363 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

364. In response to paragraph 364 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of 18 U.S.C. § 2510(4). Experian states that the law speaks for itself and, on that basis, denies any allegations in paragraph 364 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

365. In response to paragraph 365 of the Complaint, Experian admits that the allegations contained therein appear to set forth a portion of 18 U.S.C. § 2510(5). Experian states that the law speaks for itself and, on that basis, denies any allegations in paragraph 365 inconsistent therewith. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

366. In response to paragraph 366 of the Complaint, including subparts (a)-(c), Experian denies, generally and specifically, each and every allegation contained therein.

367. In response to paragraph 367 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

368. In response to paragraph 368 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

369. In response to paragraph 369 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

370. In response to paragraph 370 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

371. In response to paragraph 371 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

372. In response to paragraph 372 of the Complaint, Experian admits that Plaintiffs allege that Experian was not acting under the color of law. Experian states that this is a legal conclusion that is not subject to denial or admission. Unless specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

373. In response to paragraph 373 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

374. In response to paragraph 374 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

375. In response to paragraph 375 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

**RESPONSE TO PRAYER FOR RELIEF**

Experian denies that Plaintiffs are entitled to any damages against Experian as set forth in their prayer for relief.

**RESPONSE TO DEMAND FOR JURY TRIAL**

In response to the Complaint, Experian admits that Plaintiffs have demanded a trial by jury on all issues triable.

**AFFIRMATIVE DEFENSES**

In further response to Plaintiffs' Complaint, Experian hereby asserts the following affirmative defenses, without conceding that it bears the burden of persuasion as to any of them.

**FIRST AFFIRMATIVE DEFENSE**

(ARBITRATION)

Plaintiffs' claims, including putative class members, are subject to arbitration pursuant to a valid and binding arbitration agreement. Experian specifically reserves, and does not waive, the right to compel arbitration of any claims asserted by Plaintiffs, as well as any claims by putative class members that are subject to arbitration.

**SECOND AFFIRMATIVE DEFENSE**

(STATUTE OF LIMITATIONS)

All claims alleged in the Complaint against Experian are barred by the applicable statutes of limitation.

**THIRD AFFIRMATIVE DEFENSE**

(PARTICIPANT EXCEPTION)

All claims alleged in the Complaint against Experian fail because Experian was a participant to any alleged conversation, and thus cannot be liable under any of the alleged causes of action.

**FOURTH AFFIRMATIVE DEFENSE**

(CONSENT)

All claims alleged in the Complaint against Experian fail because Plaintiffs consented to any alleged tracking of the alleged conversations by third parties, and thus Experian cannot be liable under any of the alleged causes of action.

**FIFTH AFFIRMATIVE DEFENSE**

(NON-ACTIONABLE RECORD INFORMATION)

All claims alleged in the Complaint against Experian fail because any information alleged to have been intercepted by third parties was non-actionable record information, and was not the contents of any communication, and thus Experian cannot be liable under any of the alleged causes of action.

**SIXTH AFFIRMATIVE DEFENSE**

(INFORMATION NOT IN TRANSIT)

All claims alleged in the Complaint against Experian fail because any information alleged to have been recorded by third parties was not intercepted in transit, but was rather transmitted to third parties after the information came to rest, and thus Experian cannot be liable under any of the alleged causes of action.

**SEVENTH AFFIRMATIVE DEFENSE**

(NO EXPECTATION OF PRIVACY)

All claims alleged in the Complaint against Experian fail because Plaintiffs did not have a reasonable expectation of privacy in the information that was allegedly recorded because they cannot allege that any eavesdropping occurred, and thus Experian cannot be liable under any of the alleged causes of action.

**EIGHT AFFIRMATIVE DEFENSE**

(NO HIGHLY OFFENSIVE INTRUSION)

All claims alleged in the Complaint against Experian fail because the collection of the allegedly recorded record information cannot amount to "a highly offensive disclosure of information or a 'serious invasion' of a privacy interest." *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1025 (N.D. Cal. 2012) ("The information disclosed to third parties by LinkedIn, including a numeric code associated with a user and the URL of the profile page viewed, does not meet the standard set by California courts."); *In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1063 (N.D. Cal. 2012) (declining to find that defendant violated constitutional right to privacy in releasing unique device identifier number, personal data, and geolocation information from cell phones to third parties); *In re Google, Inc. Privacy Pol'y Litig.*, 58 F. Supp. 3d 968, 985 (N.D. Cal. 2014) ("Courts in this district have consistently refused to characterize the disclosure of common, basic digital information to third parties as serious or egregious violations of social norms.").

**NINTH AFFIRMATIVE DEFENSE**

(INDEMNIFICATION)

Experian is informed and believes and thereon alleges that any purported damages allegedly

suffered by Plaintiffs were the result of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

**TENTH AFFIRMATIVE DEFENSE**

(FAILURE TO MITIGATE DAMAGES)

Plaintiffs failed to mitigate their damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

(ESTOPPEL)

Any damages which Plaintiffs may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiffs. Therefore, Plaintiffs are estopped and barred from recovery of any damages.

**TWELFTH AFFIRMATIVE DEFENSE**

(LACHES)

All claims alleged in the Complaint against Experian are barred by laches.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(CONTRIBUTORY/COMPARATIVE FAULT)

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiffs were, at least in part, caused by the actions of Plaintiffs themselves and resulted from Plaintiffs' own conduct, which equaled or exceeded any alleged wrongdoing by Experian.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(INDEPENDENT INTERVENING CAUSE)

Experian alleges upon information and belief that if Plaintiffs sustained any of the injuries alleged in the Complaint, there was an intervening, superseding cause and/or causes leading to such alleged injuries and, as such, any action on the part of Experian was not a proximate cause of the alleged injuries.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(IMPROPER REQUEST FOR PUNITIVE DAMAGES)

Plaintiffs' Complaint does not allege facts sufficient to rise to the level of conduct required to recover punitive damages, and thus all requests for punitive damages are improper.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(MOOTNESS)

All claims alleged in the Complaint against Experian are barred, in whole or in part, to the extent that the claim or relief sought is moot.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(WAIVER)

All claims alleged in the Complaint against Experian are barred, in whole or in part, by the doctrine of waiver.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(LACK OF STANDING)

All claims alleged in the Complaint against Experian fail because Plaintiffs have suffered no cognizable injury and do not have standing to assert their claims.

**NINETEENTH AFFIRMATIVE DEFENSE**

(EXCESSIVE FINES CLAUSE)

All claims alleged in the Complaint against Experian are barred, in whole or in part, because they seek to impose an excessive fine within the meaning of the Excessive Fines and Penalties Clause of the Eighth Amendment to the United States Constitution to the extent Plaintiffs seek excessive statutory or punitive damages in violation of the Due Process Clause.

**TWENTIETH AFFIRMATIVE DEFENSE**

(IMPROPER CLASS ACTION)

The claims alleged in the Complaint against Experian may not properly be maintained or certified as a class action because, *inter alia*, Plaintiffs cannot fairly or adequately represent the interests of each member of the proposed class(es), Plaintiffs' claims are not typical of the claims of each member of the proposed class(es), and/or the questions of law and fact allegedly common to the class(es) do not predominate over the numerous questions affecting only individual class members.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(RIGHT TO ASSERT ADDITIONAL DEFENSES)

Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1) That Plaintiffs take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2) For costs of suit [and attorneys' fees] herein incurred; and

(3) For such other and further relief as the Court may deem just and proper.

Dated: January 20, 2026

JONES DAY

By: */s/ John A. Vogt*
John A. Vogt

Attorneys for Defendants
EXPERIAN DATA CORPORATION, EXPERIAN INFORMATION SOLUTIONS, INC., EXPERIAN PLC, and TAPAD, INC.