**BURSOR & FISHER, P.A.**
Kaili C. Lynn (State Bar No. 334933)
Joshua R. Wilner (State Bar No. 353949)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com
klynn@bursor.com
jwilner@bursor.com

**BURSOR & FISHER, P.A.**
Philip L. Fraietta (State Bar No. 354768)
50 Main Street, Suite 475
White Plains, NY 10606
Telephone: (914) 874-0710
Facsimile: (914) 206-3656
E-mail: pfraietta@bursor.com

*[Additional Counsel On Signature Page]*

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LOGAN MITCHELL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN DATA CORPORATION, EXPERIAN PLC, EXPERIAN INFORMATION SOLUTIONS, INC., and TAPAD, INC.,<br><br>Defendants. | Case No. 3:25-cv-02873-RFL<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY AND FOR PROTECTIVE ORDER PENDING RULING FROM CALIFORNIA COURT OF APPEAL**<br><br>Date: May 5, 2026<br>Time: 10:00 a.m.<br>Ctrm: 15, 18th Floor<br>Judge: Hon. Rita F. Lin |

## TABLE OF CONTENTS

PAGE

INTRODUCTION ..... 1

LEGAL STANDARD ..... 2

ARGUMENT ..... 3

I. PLAINTIFF WILL BE PREJUDICED BY A STAY OF THIS LITIGATION ..... 3

II. DEFENDANTS WILL NOT BE PREJUDICED BY LITIGATING THIS MATTER ..... 4

III. JUDICIAL ECONOMY WILL NOT BE FOSTERED BY A STAY OF THIS ACTION ..... 5

IV. A PROTECTIVE ORDER IS NOT WARRANTED ..... 6

CONCLUSION ..... 7

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**


*American Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assoc.*,
743 F.2d 1519 (11th Cir. 1984) ........ 3

*Bell on Behalf of Eco Sci. Sols., Inc. v. Taylor*,
2019 WL 1877285 (D. Haw. Apr. 26, 2019) ........ 3

*Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*,
490 F.3d 718 (9th Cir. 2007) ........ 3

*Brooks v. Greystar Real Est. Partners, LLC*,
2024 WL 3489205 (S.D. Cal. July 19, 2024) ........ 5, 6

*Cabiness v. Educ. Fin. Solutions, LLC*,
2017 WL 167678 (N.D. Cal. Jan. 17, 2017) ........ 3

*Cheverez v. Plains All Am. Pipeline, LP*,
2016 WL 4942328 (C.D. Cal. Feb. 25, 2016) ........ 4

*Clinton v. Jones*,
520 U.S. 681 (1997) ........ 3

*Dependable Highway Exp., Inc. v. Navigators Ins. Co.*,
498 F.3d 1059 (9th Cir. 2007) ........ 4

*Edwards v. Oportun, Inc.*,
193 F. Supp. 3d 1096 (N.D. Cal. 2016) ........ 3

*ESG Capital Partners LP v. Stratos*,
22 F. Supp. 3d 1042 (C.D. Cal. 2014) ........ 4

*Fed. Sav. & Loan Ins. Corp. v. Molinaro,*
889 F.2d 899 (9th Cir. 1989) ........ 6

*Glick v. Performant Fin. Corp.*,
2017 WL 786293 (N.D. Cal. Feb. 27, 2017) ........ 4

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936) ........ 3

*Lathrop v. Uber Techs., Inc.*,
2016 WL 97511 (N.D. Cal. Jan. 8, 2016) ........ 2, 4, 5

*Lockyer v. Mirant Corp.*,
398 F.3d 1098 (9th Cir. 2005) ........ 1, 3, 4

*Madrid v. De La Cruz*,
2019 WL 2994301 (E.D. Cal. July 9, 2019) .......... 3

*Mendez v. Optio Sols., LLC*,
239 F. Supp. 3d 1229 (S.D. Cal. 2017) .......... 5

*Partner Weekly, LLC v. Viable Mktg. Corp.*,
2014 WL 1577486 (D. Nev. Apr. 17, 2014) .......... 5

*Perry v. Bloomberg*,
2015 WL 3542773 (D. Or. June 4, 2015) .......... 5

*Railware, Inc. v. Peninsula Corridor Joint Powers Bd.*,
2026 WL 104229 (N.D. Cal. Jan. 14, 2026) .......... 6

*Sanrio, Inc. v. Ronnie Home Textile Inc.*,
2015 WL 1062035 (C.D. Cal. Mar. 10, 2015) .......... 3

*Sostek v. Cnty. of San Bernardino*,
2024 WL 3467714 (C.D. Cal. May 30, 2024) .......... 6

*Sullivan v. Personalized Media Comms., LLC*,
2016 WL 5109994 (N.D. Cal. Sept. 21, 2016) .......... 5

*Tu v. Experian Info. Sols., Inc.*,
2025 WL 1134612 (S.D. Cal. Apr. 16, 2025) .......... 3

*United States E.E.O.C v. Global Horizons, Inc.*,
2011 WL 5325747 (D. Haw. Nov. 2, 2011) .......... 3

*Zyme Sols., Inc. v. InfoNow Corp.*,
2013 WL 6699997 (N.D. Cal. Dec. 19, 2013) .......... 5

**STATUTES**

18 U.S.C. § 2511(1) .......... 1

Cal. Pen. Code § 631(a) .......... 2

Cal. Pen Code § 638.51(a) .......... 1, 2

Plaintiff Logan Mitchell ("Plaintiff") respectfully submits this Opposition to Defendants Experian Data Corporation, Experian PLC, Experian Information Solutions, Inc., and Tapad, Inc.'s ("Defendants") Motion to Stay And For Protective Order Pending Ruling From California Court of Appeal (ECF No. 58) (the "Motion" or "MTS").

**INTRODUCTION**

Defendants again seek to stay this action to avoid the "expenditure of time and resources on discovery[.]" MTS at 2:20. However, having to engage in discovery or defend a suit are not sufficient bases to support a stay of this action. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005) ("being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity.'").

Defendants ask the Court to stay this action pending the California Court of Appeal, second Appellate District's decision on a pending petition for writ of mandate in *Variety Media, LLC v. The Superior Court of the County of Los Angeles*, Case No. B350578 ("*Variety*"). The Petitioner in *Variety* asks the Court of Appeals to determine whether The California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 638.51(a), applies to internet tracking. In support of their request, Defendants point to Plaintiff's counsel's agreement to stay two different cases, *Deivaprakash v. Condé Nast Digital*, Case No. 3:25-cv-04021-RFL, and *Glass v. Carmax, Inc.* ("Carmax"), Case No. 2:25-cv-09975-SRM-MAA. However, unlike here, in *Deivaprakash* and *Carmax* the plaintiffs brought a single claim under § 638.51(a) alleging that a website operator installed third party trackers allowing third parties to surveil plaintiffs and class members without their consent—the same sole cause of action as in *Variety*. Thus, the decision in *Variety* may be wholly dispositive of those actions. The possibility that the entire case may be determined by the *Variety* decision warranted a stay in *Deivaprakash* and *Carmax*.

By contrast, here, the *Variety* decision will not be wholly dispositive. Plaintiff brings four causes of action including Intrusion Upon Seclusion, Violation of CIPA § 638.51(a), Violation of CIPA § 631(a), and Violation of the Electronic Communications Privacy Act ("ECPA") 18 U.S.C. § 2511(1), *et seq*. Even in the unlikely event that the Court of Appeals determines that CIPA § 638.51(a) does not apply to internet tracking, Defendants will still have to engage in discovery on

Plaintiff's other claims. The scope of discovery will not change. Defendants' broad surveillance of Plaintiff and Class Members without their consent through the use of Defendants' trackers and pixels is the basis of both the § 638.51(a) and § 631(a) claims, as well as the basis for the intrusion upon seclusion and ECPA claims. This distinct difference between the instant action and the *Deivaprakash* and *Carmax* actions highlights why a stay is not appropriate here.

There is no basis to stay this case because (1) Plaintiff will be prejudiced by an unnecessary stay of this action, (2) Defendants cannot make a clear case that it will suffer hardship or inequity absent a stay, and (3) Defendants fails to meet their heavy burden of showing that a stay will promote judicial efficiency or simplify issues. As there is no expected timeline for the *Variety* decision as no oral arguments have been set, Plaintiff will face indefinite delay of his case. Defendants will not face hardship because Defendants must engage in discovery regardless of the outcome of *Variety*. Judicial economy also supports denying the stay as this action has been pending for a year and a stay would delay the case schedule set by the Court, including Plaintiff's January 2027 class certification deadline. *See* ECF No. 54.

While *Variety* will undoubtedly provide guidance as the first appellate decision on the application of § 638.51(a) to internet tracking, that alone does not warrant a stay. Discovery is inevitable as to Plaintiff's claims for intrusion upon seclusion, violation of the ECPA, and violation of CIPA § 631(a).

Simply put, Defendants fail to meet their burden of showing why their discovery obligations should be suspended indefinitely. Defendants' Motion should be denied.

## LEGAL STANDARD

"The burden is on the movant to show that a stay is appropriate." *Lathrop v. Uber Techs., Inc.*, 2016 WL 97511, at *3 (N.D. Cal. Jan. 8, 2016). "In deciding whether to stay proceedings pending resolution of an appeal in another action, a district court must weigh various competing interests, including [1] the possible damage which may result from granting a stay, [2] the hardship a party may suffer if the case is allowed to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be

expected to result from a stay." *Cabiness v. Educ. Fin. Solutions, LLC*, 2017 WL 167678, at *2 (N.D. Cal. Jan. 17, 2017) (citing *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)). "If there is 'even a fair possibility' of harm to the opposing party, the moving party 'must make out a clear case of hardship or inequity in being required to go forward.'" *Edwards v. Oportun, Inc.*, 193 F. Supp. 3d 1096, 1101 (N.D. Cal. 2016) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). As set forth below, Defendants cannot meet their burden of demonstrating that a stay is warranted.

## ARGUMENT

### I. PLAINTIFF WILL BE PREJUDICED BY A STAY OF THIS LITIGATION

Defendants contend "Plaintiff will suffer no meaningful prejudice" as a result of Defendants' request for an indefinite stay pending the California Court of Appeal's decision in *Variety*. MTS at 2:14. Not so. As an initial matter, "undue delay is undoubtedly a form of harm for a court to consider." *Tu v. Experian Info. Sols., Inc.*, 2025 WL 1134612, at *11 (S.D. Cal. Apr. 16, 2025) (cleaned up). In fact, the Ninth Circuit has warned "stays place a plaintiff effectively out of court." *Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 724 (9th Cir. 2007) ("*Blue Cross*"). Even if litigation may eventually resume, stays create a "danger of denying justice by delay." *Id.* at 724 (citing *American Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assoc.*, 743 F.2d 1519, 1524 (11th Cir. 1984)).

Delay caused by a stay "inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Blue Cross*, 490 F.3d at 724; *Clinton v. Jones*, 520 U.S. 681, 707-08 (1997) (finding that a delay "would increase the danger of prejudice resulting from the loss of evidence, including the inability of witnesses to recall specific facts, or the possible death of a party."); *Madrid v. De La Cruz,* , 2019 WL 2994301 (E.D. Cal. July 9, 2019) ("Contrary to the Defendants' argument, there is a risk that important evidence will be lost and memories will fade with the passage of time if the civil case is stayed.").

Plaintiff has a "general interest in proceeding expeditiously with litigation, to preserve the integrity of testimony and evidence and to achieve adequate redress." *Bell on Behalf of Eco Sci. Sols., Inc. v. Taylor*, 2019 WL 1877285, at *3 (D. Haw. Apr. 26, 2019) (citing *United States E.E.O.C v. Global Horizons, Inc.*, 2011 WL 5325747, at *6 (D. Haw. Nov. 2, 2011)); *see also Sanrio, Inc. v.*

*Ronnie Home Textile Inc.*, 2015 WL 1062035, at *3 (C.D. Cal. Mar. 10, 2015) ("A 'civil plaintiff has an interest in having her case resolved quickly.'") (quoting *ESG Capital Partners LP v. Stratos*, 22 F. Supp. 3d 1042, 1046 (C.D. Cal. 2014)).

Despite their assertion that any delay will be "brief" (MTS at 2:14), Defendants cannot know the length of the stay. The Ninth Circuit has repeatedly held that "[g]enerally, stays should not be indefinite in nature." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). Defendants point to the briefing schedule set by the California Court of Appeal in *Variety* to support its assertion that a decision is expected to follow shortly after briefing concludes in April. However, just because a briefing schedule has been set does not indicate the length of delay as "[i]t is unknown when the [court] will schedule oral argument or issue a decision." *Lathrop*, 2016 WL 97511, at *2 (denying defendant's motion to stay).

Plaintiff will thus be prejudiced by a stay of this case, especially a stay of an unknown length.

## II. DEFENDANTS WILL NOT BE PREJUDICED BY LITIGATING THIS MATTER

Defendants contend they will be prejudiced without a stay because they will have to expend "time and resources on discovery and motion practice that may ultimately be rendered moot[.]" MTS at 2:20-21. This concern is overblown and Defendants' second attempt to avoid discovery does not warrant a stay of this action.

First, under the Ninth Circuit's controlling decision in *Lockyer v. Mirant Corp.*, 398 F.3d 1098 (9th Cir. 2005), "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity." *Id.* at 1112. Hence, many courts have held that the purported burdens of class discovery do not support a stay. *See, e.g.*, *Lathrop*, 2016 WL 97511, at *4 ("Although Uber may suffer hardship, in the form of additional discovery, the Court concludes that this potential hardship does not merit a stay in this case."); *Glick v. Performant Fin. Corp.*, 2017 WL 786293, at *2 (N.D. Cal. Feb. 27, 2017) ("Defendant has not clearly established that it would face hardship or inequity if required to move forward. The fact that waiting for the outcome of the appeals and Petition might save Defendant the costs of further litigation does not satisfy this requirement."); *Cheverez v. Plains All Am. Pipeline, LP*, 2016 WL 4942328, at *4 (C.D. Cal. Feb. 25, 2016) (rejecting defendant's argument that it would "be forced to spend significant time and money on discovery and

class certification issues" that it might otherwise avoid as a result of a stay); *Mendez v. Optio Sols., LLC*, 239 F. Supp. 3d 1229, 1234 (S.D. Cal. 2017) (denying stay pending another court's appellate decision because "Defendant does not demonstrate a hardship in moving forward with inevitable discovery and motion practice.").

Second, even if the burden of class discovery could support a stay under some circumstances, Defendants' argument still fails because they present no evidence of the burden here. "It has long been clear that a party claiming that discovery imposes an undue burden must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence." *Sullivan v. Personalized Media Comms., LLC*, 2016 WL 5109994, at *3 (N.D. Cal. Sept. 21, 2016); *see also Partner Weekly, LLC v. Viable Mktg. Corp.*, 2014 WL 1577486 at *2 (D. Nev. Apr. 17, 2014) ("the party opposing discovery must allege . . . sufficient detail regarding the time, money and procedures required to comply with the purportedly improper request").

Discovery in this case is inevitable because *Variety* will have no impact on Plaintiff's claims for Intrusion Upon Seclusion, violation of CIPA § 631(a), and violation of the ECPA, as the Court has already denied Defendants' motion to dismiss. ECF. No. 51. Moreover, all of Plaintiff's asserted claims arise from the same conduct—Defendants' dragnet surveillance of nearly every element of Plaintiff's and Class Members' lives, without their consent, through the use of Defendants' various trackers and pixels, including the Tapad Pixels. "There is no reason why the parties could not move forward with their anticipated discovery efforts in this action now." *Zyme Sols., Inc. v. InfoNow Corp.*, 2013 WL 6699997, at *4 (N.D. Cal. Dec. 19, 2013); *see also Lathrop*, 2016 WL 97511, at *4 ("[D]iscovery in this case will be required regardless of the outcome[.]"); *Perry v. Bloomberg*, 2015 WL 3542773, at *3 (D. Or. June 4, 2015) ("There is no indication that staying this litigation to await [another] proceeding will defray costs enough to justify delaying relief for Plaintiff.").

Accordingly, Defendants will not be prejudiced by proceeding with this action, particularly where Defendants will have to undergo the same effort in discovery regardless of *Variety*.

## III. JUDICIAL ECONOMY WILL NOT BE FOSTERED BY A STAY OF THIS ACTION

Based on the foregoing, "a stay in this case would result in needless delay with no discernible benefit and would not promote efficiency." *Brooks v. Greystar Real Est. Partners, LLC*, 2024 WL

3489205, at *7 (S.D. Cal. July 19, 2024). The interest in judicial economy "normally does not favor a stay, because the court has an interest in clearing its docket." *Sostek v. Cnty. of San Bernardino*, 2024 WL 3467714, at *5 (C.D. Cal. May 30, 2024) (cleaned up); *see also Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 903 (9th Cir. 1989) (affirming the denial of a motion to stay and noting that "the action had been pending for a year, and the court had an interest in clearing its docket").

Defendants mistakenly rely on the stays in *Deivaprakash* and *Carmax* to assert that it would be in the interest of judicial economy to stay this action to ensure "the parties in both cases proceed before this Court with the same appellate guidance." MTS at 11:10-12. However, both *Deivaprakash* and *Carmax* involve only a single claim for violation of CIPA § 638.51(a). Unlike here, where the *Variety* decision will not be wholly dispositive, there is a chance that the decision in *Variety* would be dispositive of *Deivaprakash* and *Carmax* in their entirety. Defendants fail to acknowledge that "discovery in this case will be required regardless of the outcome in" *Variety*. *See Lathrop*, 2016 WL 94511, at *4. Given that discovery must proceed no matter what, a stay does not serve judicial economy as it will only delay discovery and the ultimate resolution of this matter.

## IV. A PROTECTIVE ORDER IS NOT WARRANTED

Defendants ask the Court to issue "[a] protective order suspending Experian's discovery obligations [to] avoid unnecessary expenditure of resources, promote judicial efficiency, and prevent the severe prejudice Experian would suffer if forced to proceed with discovery[.]" MTS at 13:13-15. As discussed above, suspending Defendants' discovery obligations would accomplish only delay and inefficiency.

"District courts in California apply a two-pronged test to determine whether discovery should be stayed pending resolution of a dispositive motion." *Railware, Inc. v. Peninsula Corridor Joint Powers Bd.*, 2026 WL 104229, at *1 (N.D. Cal. Jan. 14, 2026). A protective order is warranted only if: (1) a pending motion is potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed; and (2) the pending dispositive motion can be decided absent additional discovery. *Id.* (citation omitted). Defendants request fails to meet the first prong of the test.

As Defendants concede, "the *Variety* decision is potentially dispositive of the Section 638.51 claim[.]" MTS at 13:11. The *Variety* decision is not wholly dispositive as Plaintiff also alleges claims for Intrusion Upon Seclusion, violation of CIPA § 631(a), and violation of the ECPA. Additionally, *Variety* is not dispositive on the issue at which discovery is directed because the basis for all of Plaintiff's claims arise from Defendants' use of tracking technologies to surveil Plaintiff and Class Members without their consent. *Variety* will not limit the scope of discovery because the allegations regarding Defendants' use of tracking technology will remain, even if one of Plaintiff's four claims is eliminated.

Accordingly, a protective order is not warranted.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' Motion.

Dated: March 25, 2026

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: /s/ *Kaili C. Lynn*
Kaili C. Lynn

Kaili C. Lynn (State Bar No. 334933)
Joshua R. Wilner (State Bar No. 353949)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: klynn@bursor.com
jwilner@bursor.com

**BURSOR & FISHER, P.A.**
Philip L. Fraietta (State Bar No. 354768)
50 Main Street, Suite 475
White Plains, NY 10606
Telephone: (914) 874-0710
Facsimile: (914) 206-3656
E-mail: pfraietta@bursor.com

**BURSOR & FISHER, P.A.**
Max S. Roberts (State Bar No. 363482)

1330 Ave. of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-mail: mroberts@bursor.com

*Attorneys for Plaintiff*