JOHN A. VOGT (SBN 198677)
javogt@goodwinlaw.com
RYAN D. BALL (SBN 321772)
rball@goodwinlaw.com
MATTHEW T. BILLECI (SBN 329014)
mbilleci@goodwinlaw.com
**GOODWIN PROCTER LLP**
660 Newport Center Drive
Suite 450, 4th Floor
Newport Beach, California 92660
Tel. +1 949 743 3400
Fax: +1 949 743 3485

Attorneys for Defendants
EXPERIAN DATA CORPORATION,
EXPERIAN PLC, EXPERIAN INFORMATION
SOLUTIONS, INC. AND TAPAD, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

LOGAN MITCHELL, individually and on behalf of all others similarly situated,

Plaintiff,

v.

EXPERIAN DATA CORPORATION, EXPERIAN PLC, EXPERIAN INFORMATION SOLUTIONS, INC., and TAPAD, INC.,

Defendants.

Case No. 3:25-cv-02873-RFL

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY**

Date: May 5, 2026
Time: 10:00 a.m.
Courtroom: 15 – 18th Flr.
Judge: Hon. Rita F. Lin

## TABLE OF CONTENTS

INTRODUCTION ....................................................- 1 -
*DRUMMER* BACKGROUND ....................................................- 2 -
ARGUMENT ....................................................- 3 -
A. Resolution of the Pending Appeals Will Substantially Narrow the Issues. ....................- 3 -
1. A stay is warranted even if *Variety* is not dispositive of all claims. ....................- 3 -
2. A stay promotes judicial economy and avoids prejudicing Experian. ....................- 5 -
B. Plaintiff Will Suffer No Prejudice From a Stay ....................- 6 -
C. A Protective Order Is Warranted Because the *Variety* Decision May Entirely Dispose of Plaintiff's Pen Register Claim. ....................- 8 -
CONCLUSION ....................................................- 9 -

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Blue Cross & Blue Shield of Alabama v. Unity Outpatient Surgery Ctr., Inc.*,
490 F.3d 718 (9th Cir. 2007)........................................ 7

*Clinton v. Jones*,
520 U.S. 681 (1997)........................................ 7

*Drummer v. CoStar Grp., Inc.*,
2025 WL 3190656 (C.D. Cal. Oct. 22, 2025)........................................ 2

*Drummer v. CoStar Grp., Inc.*,
2026 WL 712922 (C.D. Cal. Feb. 13, 2026)........................................ 2

*Echevarria v. Aerotek, Inc.*,
2019 WL3207812 (N.D. Cal. July 16, 2019)........................................ 5

*Erceg v. LendingClub Corp.*,
475 F. Supp. 3d 1071 (N.D. Cal. 2020)........................................ 6, 8

*Glick v. Performant Fin. Corp.*,
2017 WL 786293 (N.D. Cal. Feb. 27, 2017)........................................ 3, 4

*Johnson v. Starbucks Corp.*,
2019 WL 3220273 (N.D. Cal. July 17, 2019)........................................ 6

*Lathrop v. Uber Technologies, Inc.*,
2016 WL 97511 (N.D. Cal. Jan. 8, 2016)........................................ 3, 4

*Ludlow v. Flowers Foods, Inc.*,
2020 WL 773253 (S.D. Cal. Feb. 18, 2020)........................................ 7, 8

*McElrath v. Uber Techs., Inc.*,
2017 WL 1175591 (N.D. Cal. Mar. 30, 2017)........................................ 7

*Mendez v. Optio Sols., LLC*,
239 F. Supp. 3d 1229 (S.D. Cal. 2017)........................................ 3, 4

*Spokeo v Robins*,
578 U.S. 330 (2016)........................................ 4, 6

*Zyme Sols., Inc. v. InfoNow Corp.*,
2013 WL 6699997 (N.D. Cal. Dec. 19, 2013)........................................ 3

## INTRODUCTION

Plaintiff Logan Mitchell's ("Plaintiff") opposition confirms that a stay is warranted. Plaintiff does not (and cannot) contest that the *Variety* decision may be dispositive of Plaintiff's claim under Cal. Penal Code Section 638.51 and provide additional guidance on the scope of the California Invasion of Privacy Act ("CIPA"). Plaintiff also does not contest that courts routinely stay proceedings pending the outcome of a related appeal that will materially impact an issue in the case, even if the appellate ruling will not resolve the entire matter. Indeed, Plaintiff wholly ignores the plethora of cases Experian cited demonstrating just that. *See* Motion at 11-12. Because there is no dispute that *Variety* bears directly on a claim at issue in this case, a stay is warranted.

A stay is further warranted in light of the Ninth Circuit's March 18, 2026 order granting permission for the defendant to file of an interlocutory appeal in *Drummer v. CoStar Group, Inc.*, 26-1160 (9th Cir. 2026). In *Drummer*, the Ninth Circuit will address whether a consumer asserting a claim under Cal. Penal Code Section 638.51 has Article III standing based on the type of information transmitted using website tracking technologies. There are thus now *two* appellate courts set to decide issues that directly bear on this case. The Court should grant the stay to allow time for these appeals to be resolved so that the parties can utilize the appellate guidance, which will reduce the risk of conflicting decisions and avoid duplicative, unnecessary effort.

Plaintiff's arguments in opposition lack merit. Plaintiff has not demonstrated that he will be prejudiced by a brief stay. Plaintiff points to delay, but delay alone is insufficient to defeat a stay absent a showing of unfair prejudice. Plaintiff seeks only statutory damages, does not allege any ongoing harm, and does not seek injunctive relief—undermining any suggestion of the requisite urgency to justify denying a stay in this case. Further, any stay is expected to be brief. And any alleged harm from a delay is weakened by the fact that multiple other plaintiffs—including those represented by Plaintiff's counsel—have agreed to a stay pending the outcome of *Variety*. Accordingly, any concerns about delay or lost evidence are speculative and adequately addressed by Experian's existing preservation obligations.

Plaintiff's assertion that a stay will not prejudice Experian and will not promote judicial economy misses the mark. Plaintiff claims that since *Variety* will not resolve each issue in the case,

the parties will have to litigate the case regardless of the outcome and thus the matter should proceed forward. Not only does Plaintiff fail to address the litany of cases holding that a stay is appropriate under those circumstances, Plaintiff does not grapple with the prejudice Experian faces litigating a claim that is ultimately disposed of through appeal. Plaintiff likewise fails to acknowledge how the Court and parties will benefit from guidance in *Variety*. Indeed, given that one case pending before this court has already been stayed—*Deivaprakash*—staying this matter promotes judicial economy by ensuring that this Court is addressing these cases with the same level of appellate guidance.

In short, both the Ninth Circuit and California Court of Appeals have granted rare interlocutory relief in order to provide guidance to courts and parties litigating these website tracking cases. There is no dispute that this Court and the parties would benefit from that guidance, and thus the most efficient path forward is staying this case pending those rulings.[1] The Court should grant Experian's motion to stay and for protective order in full.

## ***DRUMMER* BACKGROUND**

On October 22, 2025, the district court in *Drummer* denied the defendant's motion to dismiss, holding that the plaintiff had Article III standing to pursue his claim under Cal. Pen. Code Section 638.51. *Drummer v. CoStar Grp., Inc.*, 2025 WL 3190656, at *3-4 (C.D. Cal. Oct. 22, 2025). The defendant thereafter moved for permission to file an interlocutory appeal. The district court ruled on the motion on February 13, 2026, granting the defendant permission to file an interlocutory appeal of the court's denial of the defendant's motion to dismiss on the question "[d]oes the transmission to third parties of IP addresses and similar information voluntarily shared with websites constitute an injury with a close relationship to a harm traditionally recognized as a basis for a lawsuit." *See Drummer v. CoStar Grp., Inc.*, 2026 WL 712922, at *2 (C.D. Cal. Feb. 13, 2026). In other words, the purpose of the appeal is to determine "whether the [Article III] injury arose upon the sharing of Plaintiffs' data." *Id.* On March 18, 2026, the Ninth Circuit granted the

[1] For purposes of clarity, Experian seeks a stay pending the outcome of the *Variety* appeal only, which is consistent with the relief sought in its opening Motion. Nonetheless, the pendency of *Drummer* and its overlap with the issues in this case provide additional support for a stay. Experian reserves the right to separately seek a stay pending the outcome of the *Drummer* appeal should the circumstances warrant.

defendant's request for interlocutory appeal under 28 U.S.C. § 1292(b). *See* No. 26-1160.

Experian previously moved to dismiss Plaintiff's claims for lack of Article III standing. This Court denied Experian's motion, holding that Plaintiff had Article III standing because the sharing of information with third parties via alleged internet tracking was "sufficient to plead an injury conferring Article III standing." ECF No. 51 at 4. Thus, like the *Variety* appeal, *Drummer* will also resolve issues that are central to this case—Plaintiff's Article III standing.

## ARGUMENT

### A. Resolution of the Pending Appeals Will Substantially Narrow the Issues.

#### 1. A stay is warranted even if *Variety* is not dispositive of all claims.

Plaintiff does not (and cannot) dispute that the California Court of Appeal's ruling in *Variety* will directly bear on Plaintiff's claim under California Penal Code Section 638.51. *See* Opp. at 7. Plaintiff claims that the dispositive nature of *Variety* does not suffice for a stay because it will not be "wholly dispositive" of this action. *Id.* at 1, 6. This contention is meritless.

Because Plaintiff raised this issue as the reason he would not stipulate to a stay in this case—even though other plaintiffs represented by his counsel did—Experian addressed it head on in its Motion. Indeed, Experian demonstrated that courts in this Circuit regularly stay entire cases even when only one claim or a subset of issues will be addressed by the pending appellate decision. *See* Mot. at 11-12 (citing cases). Plaintiff does not address any of these authorities and fails to seriously counter Experian's argument on the point. Instead, he points only to three wholly inapposite decisions in support of his over-simplified interpretation of the law.

None of Plaintiff's cases (Opp. at 5) stand for the proposition for which they are offered—that a stay is unwarranted simply because some "[d]iscovery in this case is inevitable." A stay was not appropriate in *Zyme* since the appeal addressed a "discrete personal jurisdiction issue unique to the District of Colorado," and thus had "little bearing on the merits" and would not "simplify or clarify" *the merits* in the Northern District of California. *Zyme Sols., Inc. v. InfoNow Corp.*, 2013 WL 6699997, at *2-3, 5 (N.D. Cal. Dec. 19, 2013). Nor was one proper in *Lathrop, Glick*, and *Mendez* because the appellate ruling serving as the basis for the stay would not be dispositive of *any* claim, but rather merely address a portion of a claim. *Lathrop v. Uber Technologies, Inc.*, 2016

WL 97511, at *4 (N.D. Cal. Jan. 8, 2016) ("Even if the D.C. Circuit [in *ACA International*] were to modify or vacate the 2015 FCC Order, factual disputes, such as whether an ATDS was used and whether text recipients provided their consent, will remain here");[2] *Glick v. Performant Fin. Corp.*, 2017 WL 786293, at *2 (N.D. Cal. Feb. 27, 2017) (similarly reasoning that the limited nature *ACA International* did not justify a stay); *Mendez v. Optio Sols., LLC*, 239 F. Supp. 3d 1229, 1234 (S.D. Cal. 2017) (same).[3]

In contrast, there is no dispute that the impending *Variety* decision will clarify the merits issues related to Plaintiff's pen register claim (and may very well dispose of the claim entirely). It will address threshold question of statutory scope: either § 638.51 applies to internet-based tracking technologies or it does not. If the California Court of Appeal holds that the pen register statute does not apply to internet technologies, no discovery or briefing will be needed to address the pen register claim.

Moreover, the Ninth Circuit's forthcoming ruling in *Drummer* further cuts against Plaintiff's contention. *Drummer* will not only provide additional guidance on whether a plaintiff asserting a claim under Section 638.51 has Article III standing, that ruling will almost certainly more broadly address whether a consumer suffers an injury-in-fact based on the collection of their website activity. *Drummer* thus has the potential to be dispositive of the entire case given that Article III standing is a jurisdictional prerequisite that cannot be waived.

---

[2] The defendant in *Lathrop* also sought a stay based on the then-pending Supreme Court decision in *Spokeo* concerning the harm necessary for a plaintiff to state a concrete injury under Article III. *See id.* at *3-4. The *Lathrop* court rejected this basis for a stay because it found that the plaintiff's standing alleged a concrete harm and was not relying on a bare procedural violation. No such distinction exists with respect to the impact the *Variety* appeal will have Plaintiff's pen register claim. Indeed, both parties agree that it will resolve a purely legal question—*i.e.*, whether the pen register statute applies to internet technologies. If the answer is no, Plaintiff's claims fail regardless of the artfulness of his pleadings. The situation in *Lathrop* is also distinct from the *Drummer* appeal because the Ninth Circuit in *Drummer* will decide whether the exact type of tracking Plaintiff alleges in the Complaint is sufficient to constitute injury-in-fact.

[3] *Perry v. Bloomberg* is even further afield. 2015 WL 3542773 (D. Or. June 4, 2015). There, the defendant sought a stay pending *potential* Department of Labor proceedings that had not yet formally commenced. The *Variety* appeal is not a hypothetical future proceeding—it is an active appellate matter in the California Court of Appeal where briefing is nearly complete, and a decision bearing directly on the issues in this case is expected in the near term.

Simply put, there is no dispute that *Variety* (and *Drummer*) is potentially dispositive of the Plaintiff's Section 638.51 claim and will narrow the issues in the case. A stay is plainly warranted under these circumstances.

**2. A stay promotes judicial economy and avoids prejudicing Experian.**

Plaintiff's assertion that denying the stay promotes judicial economy rests on a single premise: because discovery will proceed on his other three claims regardless of *Variety*'s outcome, a stay cannot promote judicial efficiency. Opp. at 5–6. Plaintiff is mistaken.

Under Plaintiff's logic, no stay could ever be warranted in a multi-claim case unless the pending appellate decision would eliminate every claim. Not only do countless cases hold the opposite, Plaintiff offers no support for his proposition. *See supra* Section A.1. Instead, the relevant question is whether the *Variety* and *Drummer* rulings will materially reduce the burden on the parties and the Court by narrowing the issues that must be addressed in discovery and through motions (e.g. summary judgment and class certification). *See* Mot. at 6. They plainly will. Engaging in discovery and motion practice to address the Section 638.51 claim will require the parties and the Court to expend extensive resources—none of which would be necessary if the Court of Appeal holds that Section 638.51 does not extend to internet-based tracking technologies. Further, if the Ninth Circuit holds in *Drummer* that internet tracking does not give rise to Article III standing, there is no reason for any discovery in this case at all. Experian will therefore be unfairly prejudiced without a stay given the possibility that it—along with the Court and Plaintiff—will be required to expend resources to address issues that may be mooted by the appellate decision, regardless of the outcome. *See* Motion at 8-9 (collecting cases); *see Echevarria v. Aerotek, Inc.*, 2019 WL3207812, at *3 (N.D. Cal. July 16, 2019) (granting stay, in part, because "[t]he expenditure of money and resources by the parties and the…court will be wasted in the event that [defendant] prevails on appeal").

The presence of two appellate courts simultaneously set to address central issues in this litigation makes an even more compelling case that a stay promotes judicial economy. Proceeding forward in this case now risks not only inconsistency with the forthcoming *Variety* guidance on the statutory scope of § 638.51, but also the possibility that the Ninth Circuit's *Drummer* decision will

render further action beyond the Court's subject matter jurisdiction by resolving the threshold question of whether Plaintiff has standing to bring any of his claims at all. *See Spokeo v Robins*, 578 U.S. 330, 339 (2016) ("Injury in fact is a constitutional requirement, and '[i]t is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing.'"). A stay will conserve the resources of both the parties and this Court by avoiding discovery and briefing on issues before appellate guidance is received, regardless of which way either decision comes out. That is precisely the kind of efficiency that the doctrine of judicial economy is designed to promote. *See, e.g., Erceg v. LendingClub Corp.,* 475 F. Supp. 3d 1071, 1076-77 (N.D. Cal. 2020) ("It would be a waste of judicial resources to try to guess (by issuing what amounts to an advisory opinion) how the California Supreme Court will decide these issues, or to permit discovery and further proceedings, when the [forthcoming] ruling easily could be determinative of Plaintiff's claims in whole or in part.").

Plaintiff also ignores that a stay is particularly in the interest of judicial economy given the stay entered in *Deivaprakash*. Mot. at 11. Without a stay in both matters, this Court may be required to address the same CIPA claim, but only one with direct appellate guidance. Staying both matters pending the outcome of *Variety* ensures that this Court is positioned to consider the claims in this matter and *Deivaprakash* with the same appellate guidance.

### B. Plaintiff Will Suffer No Prejudice From a Stay.

Plaintiff's prejudice arguments reduce to two faulty contentions: (1) any stay causes delay, and (2) any delay risks fading memories and lost evidence. Opp. at 3–4. These arguments fail from the start because delay alone is not a basis for denying a stay unless the delay is "*unfairly* prejudicial." *Erceg*, 475 F. Supp. 3d at 1076 (emphasis added) ("While a stay will cause some delay, that delay will not be unfairly prejudicial."); *Johnson v. Starbucks Corp.*, 2019 WL 3220273, at *2 (N.D. Cal. July 17, 2019) ("Delay alone is typically insufficient where there is no showing of irreparable damage or injury . . . ."); *see also* Mot. at 7-8. Plaintiff's opposition offers nothing to demonstrate that a stay here would meet this standard. Nor can he as there is nothing unfair or harmful about providing time for the Ninth Circuit and the California Court of Appeal to clarify

the contours of this case.

Plaintiff also does not rebut that he seeks only monetary damages and does not allege any ongoing harm that a brief stay would frustrate. *See* Opp. at 1–2; Compl. ¶¶ 306-375. If Plaintiff truly believed there were an ongoing harm, he would have sought injunctive relief. But he did not and a delay in monetary recovery does not suffice to deny a stay. *See McElrath v. Uber Techs., Inc.,* 2017 WL 1175591, at *5 (N.D. Cal. Mar. 30, 2017); *see also Ludlow v. Flowers Foods, Inc.*, 2020 WL 773253, at *2 (S.D. Cal. Feb. 18, 2020) (granting stay pending resolution of issue before California Supreme Court, and further stating that "the fact that Plaintiffs have not moved for a preliminary injunction to stop the alleged harm . . . lessens the Court's concerns about delaying prospective relief and the [alleged] harm continuing"). Moreover, any stay is expected to be short as the briefing in the *Variety* case closes in April 2026. Mot. at 2; *see Ludlow*, 2020 WL 773253, at *2 ("[T]he Court finds that because the California Supreme Court . . . will answer the question expeditiously, any wait for an answer to this important issue would be neither indefinite nor unreasonable.").[4]

Recognizing that no actual harm will result from a brief stay, Plaintiff resorts to arguing that evidence may be lost as a result. But Plaintiff's concern is speculative at best and adequately addressed by Experian's existing preservation obligations in any event. *See* Mot. at 8. Plaintiff cites to *Madrid v. De La Cruz* for support, but it offers no help. 2019 WL 2994301 (E.D. Cal. July 9, 2019). There, the court denied a stay in a civil rights action where the underlying events had occurred nearly three years earlier and the plaintiff's claims depended critically on the recollections of individual witnesses to discrete, unrepeated physical events—*i.e.*, events that left no

---

[4] Plaintiff's claim that "just because a briefing schedule has been set does not indicate the length of delay" (Opp. at 4) is unfounded. It is common sense that the Court of Appeal will set oral argument or reach a decision within a reasonable time after briefing concludes in April. Plaintiff has not shown the that Court of Appeal is unreasonably slow. Therefore, this case is nothing like the circumstances in any of the cases Plaintiff cites in the Opposition (at 3)—each of which involved stays exceeding four years. *See Blue Cross & Blue Shield of Alabama v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 724 (9th Cir. 2007) (finding "[t]he stays . . . could easily last as long as [] five- or six-year[s]"); *Clinton v. Jones*, 520 U.S. 681, 707 (1997) (rejecting four-year stay " until after the President leaves office"). Plaintiff cannot seriously contend that a stay pending the outcome in *Variety* will even approach such a significant period. Given the interlocutory nature of the *Drummer* appeal, Plaintiff's concerns there (if any) are similarly unsupported. In any event, the Court may exercise its discretion to order the parties to provide periodic status updates to ensure that the case is not stayed for an unnecessarily long time while the parties await the decisions.

documentary trail. *Id.* at *3. The risk of fading memories was therefore concrete and immediate. No such risk exists here. Plaintiff's claims do not turn on the recollections of any witness to a one-time event. Rather, they turn on Experian's own records of information allegedly collected from Plaintiff through automated, software-driven processes, and on Plaintiff's knowledge of and consent to the operation of the Tapad pixel—matters that are documented and preserved in electronic records that are not subject to the kind of dissipation that concerned the *Madrid* court. Indeed, the Opposition offers no reason to believe that the specific categories of evidence relevant to any of Plaintiff's claims—namely Experian's documentary evidence—are at risk of dissipation during the pendency of the *Variety* (or for that matter the *Drummer*) appeal. Nor does Plaintiff identify any witness whose memory is likely to fade in the near term. Moreover, any alleged harm from a delay is undermined by the fact that plaintiffs in other matters—including some represented by Plaintiff's counsel—have stipulated to a stay. Plaintiff offers no reason why his circumstances differ from those plaintiffs so as to heighten the risk of losing evidence.

The pendency of two soon-to-be binding appellate proceedings—one addressing the statutory scope of Section 638.51 and the other addressing the threshold question of Article III standing for claims of this type—only reinforces the reasonableness of a brief stay. The expected duration of any delay is modest: briefing in *Variety* closes in April 2026, and the Ninth Circuit's acceptance of the interlocutory appeal in *Drummer* signals the Ninth Circuit's recognition of the importance and urgency of the standing question in internet tracking litigation. Plaintiff will suffer no cognizable prejudice from waiting for that guidance, while Experian, the Court, and Plaintiff himself stand to benefit substantially from the clarity those decisions will provide.

In sum, "issuing a stay in this case will result in minimal harm to the parties" and the Court should stay this action pending the Court of Appeal's ruling in *Variety* and the Ninth Circuit's ruling in *Drummer*. *Erceg*, 475 F. Supp. 3d at 1077.

### C. A Protective Order Is Warranted Because the *Variety* Decision May Entirely Dispose of Plaintiff's Pen Register Claim.

Plaintiff's opposition to the protective order rests entirely on the contention that the *Variety* decision will not be "wholly dispositive" of this action because three of Plaintiff's four claims will

survive regardless of the outcome. Opp. at 6–7. That argument fails for the same reasons it fails with respect to the stay itself (*see supra* Section A.1)—and then some.

Plaintiff concedes that a protective order is warranted where "a pending motion is potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." Opp. at 6. In so arguing, Plaintiff effectively concedes that if the *Drummer* appeal is dispositive of the entire case, then the Court *should* issue a protective order. Plaintiff's argument also concedes that because the *Variety* appeal may dispose of his Section 638.51 claim, a protective order should be granted as to any discovery specifically related to that claim.

A protective order suspending Experian's discovery obligations pending the *Drummer* and *Variety* rulings is, therefore, independently warranted. *See* Mot. at 12-13.

**CONCLUSION**

For the foregoing reasons and the reasons set forth in the Motion, Experian respectfully requests that this Court stay all proceedings in this case and issue a protective order pending the ultimate outcome of *Variety*.

Respectfully submitted

Dated: April 1, 2026

By: /s/*John A. Vogt*
JOHN A. VOGT

**GOODWIN PROCTER LLP**

Attorneys for Defendants
EXPERIAN DATA CORPORATION,
EXPERIAN PLC, EXPERIAN INFORMATION SOLUTIONS, INC., AND TAPAD, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on **April 1, 2026**. I further certify that all participants in the case are registered CM/ ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on **April 1, 2026**.

/s/ *John A. Vogt*
JOHN A. VOGT