JOHN A. VOGT (SBN 198677)
javogt@goodwinlaw.com
RYAN D. BALL (SBN 321772)
rball@goodwinlaw.com
MATTHEW T. BILLECI (SBN 329014)
mbilleci@goodwinlaw.com
**GOODWIN PROCTER LLP**
660 Newport Center Drive
Suite 450, 4th Floor
Newport Beach, California 92660
Tel. +1 949 743 3400
Fax: +1 949 743 3485

Attorneys for Defendants
EXPERIAN DATA CORPORATION,
EXPERIAN PLC, EXPERIAN INFORMATION
SOLUTIONS, INC. AND TAPAD, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

LOGAN MITCHELL, individually and on behalf of all others similarly situated,

Plaintiff,

v.

EXPERIAN DATA CORPORATION, EXPERIAN PLC, EXPERIAN INFORMATION SOLUTIONS, INC., and TAPAD, INC.,

Defendants.

Case No. 3:25-cv-02873-RFL

**DEFENDANTS' OPPOSITION TO "PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE SURREPLY IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT"**

Courtroom: 15 – 18th Flr.
Judge: Hon. Rita F. Lin

The Court should deny Plaintiff's Administrative Motion for Leave to File a Surreply (ECF No. 65). Experian's Motion to Stay is fully briefed and set for hearing on May 5, 2026. Plaintiff offers no reason for the Court to allow additional briefing at this time.

First, "Parties do not have the right to file sur[-]replies and . . . [t]he Court generally views motions for leave to file a sur[-]reply with disfavor." *MacroCharts Rsch. LLC v.* Chou, 2026 WL 192661, at *4 (N.D. Cal. Jan. 26, 2026) (alterations in original) (citations omitted). As Plaintiff concedes, a sur-reply is appropriate "only where a valid reason for such additional briefing exists," such as to address new arguments raised for the first time on reply. *See* ECF No. 65 at 2 (quoting *Hill v. England*, 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005)); *see also MacroCharts*, 2026 WL 192661, at *4. But Plaintiff offers no "valid reason" for the proffered sur-reply because Experian's Reply did not raise any new argument warranting such disfavored relief. As expressly stated in footnote 1 of its Reply, Experian's requested relief remains the same as in its opening Motion: a stay pending the resolution of the *Variety* appeal only. *See* ECF No. 64 at 2 n.1. Experian has not sought a stay pending the outcome of *Drummer*. Rather, Experian noted the Ninth Circuit's grant of interlocutory appeal in *Drummer* as additional context supporting the conclusion that a stay pending *Variety* is warranted, and expressly reserved the right to separately move for a stay pending *Drummer* should the circumstances warrant.[1] *Id.* Because neither the relief sought nor Experian's arguments have changed, Plaintiff's contention that Experian improperly expanded the scope of its Motion is without basis. *See Van Hees v. BAM Trading Serv., Inc.*, 2025 WL 3026497, at *1 (N.D. Cal. Oct. 29, 2025) (denying leave to file sur-reply where the "reply brief included either arguments that were raised in response to [plaintiff's] opposition or iterations of the positions in [defendant's] opening brief").

Second, the Ninth Circuit's order granting interlocutory appeal in *Drummer* was issued on March 18, 2026—after Experian's Motion (filed March 11, 2026). Experian could not have cited the *Drummer* order in its opening Motion or anticipated it in advance. The inclusion of a

[1] Consistent with its argument that a stay pending *Variety* will improve judicial economy, Experian is reserving its right to move for a separate stay for an appropriate time rather than burden the Court with duplicative motion practice. For instance, *Drummer* may resolve contemporaneously with or before *Variety*, rendering a second motion to stay unnecessary.

subsequently issued appellate order that bears on the issues before this Court is no different from the filing of a notice of supplemental authority, which is plainly proper and routinely done (without further response). *See* L.R. 7-3(d)(2). Plaintiff does not—and cannot—contend that a party is precluded from citing legal developments that postdate the opening brief and opposition. To hold otherwise would require parties to ignore intervening appellate authority in reply briefs, an outcome that would disserve the Court.

Third, even if the Court were inclined to permit a sur-reply, the proposed sur-reply should be rejected because it far exceeds the permissible scope of such a filing. Plaintiff's proposed sur-reply does not confine itself to addressing *Drummer*. Instead, Plaintiff devotes substantial space to rehashing the same points already raised in the Opposition—that the stay is "indefinite," that Experian will not be prejudiced, and that judicial economy does not favor a stay. *See* ECF No. 65-2 at 1-2. This is an impermissible attempt at an additional opposition. *See Hill*, 2005 WL 3031136, at *1 (striking sur-reply that "merely pos[ed] the same or additional arguments in [the] opposition").

Moreover, Plaintiff also raises an entirely new argument for the first time in the proposed sur-reply—namely, that if the *Drummer* appeal results in a finding of no Article III standing, the case would simply be remanded to state court and all discovery would "carry forward."[2] ECF No. 65-2 at 2. Plaintiff cannot credibly seek leave to file a sur-reply on the ground that Experian raised a new argument while simultaneously using that sur-reply as a vehicle to inject Plaintiff's own new arguments into the briefing. In any event, Plaintiff's remand theory only confirms that a stay is warranted. As Plaintiff acknowledges, *Drummer* may establish that the Court lacks subject matter over Plaintiff's claim(s). Staying the matter pending an outcome that may impact the Court's subject matter jurisdiction is a well-establish ground for a stay. *See, e.g., Zhang v. Ancestry.com Operations Inc.*, 2022 WL 718486, at *3 (N.D. Cal. Mar. 10, 2022) (staying case "because the Ninth Circuit's decision in [related case] likely will determine whether the plaintiffs can assert an

[2] Plaintiff's remand theory is meritless. California state courts require a plaintiff to demonstrate actual injury to pursue statutory claims, including claims under the California Invasion of Privacy Act. *See Muha v. Experian Info. Sols., Inc.*, 106 Cal. App. 5th 199, 210 (2024), *review denied* (Jan. 29, 2025). Thus, a determination by the Ninth Circuit that Plaintiff lacks Article III standing based on the absence of cognizable injury would not be rendered inconsequential merely by refiling in state court.

Article III injury and whether this court has subject-matter jurisdiction over the plaintiffs' claims"); *In re Verifone, Inc.*, 2018 WL 3532761, at *6 (N.D. Cal. July 23, 2018) (staying matter pending resolution of subject matter jurisdiction in separate court to avoid "the risk of incurring unnecessary expense").

**CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiff's request for leave to file a sur-reply.

Respectfully submitted

Dated: April 14, 2026

By: /s/*John A. Vogt*
JOHN A. VOGT

**GOODWIN PROCTER LLP**

Attorneys for Defendants
EXPERIAN DATA CORPORATION, EXPERIAN PLC, EXPERIAN INFORMATION SOLUTIONS, INC., AND TAPAD, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Northern District of California by using the CM/ECF system on **April 14, 2026**. I further certify that all participants in the case are registered CM/ ECF users and that service will be accomplished by the CM/ECF system.

I certify under penalty of perjury that the foregoing is true and correct. Executed on **April 14, 2026**.

/s/ *John A. Vogt*
JOHN A. VOGT