UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOGAN MITCHELL,<br><br>        Plaintiff,<br><br>    v.<br><br>EXPERIAN DATA CORPORATION, et al.,<br><br>        Defendants. | Case No.  25-cv-02873-RFL<br><br>**ORDER DENYING MOTION TO STAY AND FOR A PROTECTIVE ORDER**<br><br>Re: Dkt. Nos. 58, 65 |

Defendants move to stay this action and seek a protective order on the basis that the California Court of Appeals is set to decide whether California Penal Code § 638.51 applies to internet technology, *Variety Media, LLC v. The Superior Court of the County of Los Angeles*, Case No. B350578 (Cal. Ct. App., filed Nov. 21, 2025), an issue that could be dispositive of Plaintiff's Section 638.51(a) claim in this Action.  (Dkt. No. 58 at 7.)[1]  Defendants do not dispute that *Variety Media* will not be dispositive of Plaintiff's claims for intrusion upon seclusion, violation of the California Invasion of Privacy Act ("CIPA") § 631(a), and violation of the Electronic Communications Privacy Act of 1986 ("ECPA").[2]  (Dkt. No. 64 at 4; *see also* Dkt. No. 63 at 5.)  The Court finds that this motion may be determined without oral argument pursuant to Civil Local Rule 7-1(d).

The motion to stay is denied because Defendants have not established that a stay is

---

[1] Citations to page numbers refer to ECF pagination.

[2] Defendants' argument that "the California Court of Appeals will almost certainly engage in broader interpretation of CIPA" and therefore "provide helpful guidance on Plaintiff's Section 631(a) claim" is speculative.  (Dkt. No. 58 at 18.)

needed. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (stating that a district court, in its discretion, should weigh "the competing interests which will be affected by the granting or refusal to grant a stay"). First, the stay would indefinitely delay resolution of all Plaintiff's claims, most of which are not at issue in *Variety Media*. Second, Defendants have not identified any specific hardship that they will experience if litigation continues, at least in the short term. This action is currently in discovery, and it appears likely that the discovery needed to litigate Plaintiff's Section 638.51(a) claim will overlap significantly—if not entirely—with the discovery needed to litigate the intrusion upon seclusion intrusion upon seclusion intrusion upon seclusion intrusion upon seclusion intrusion upon seclusion, Section 631(a), and ECPA claims. Defendants introduce no specific evidence or argument to the contrary. Furthermore, class certification expert disclosures are not due until November 20, 2026, and class certification briefing is not set to begin until January 2027. Assuming Defendants are correct that a ruling in *Variety Media* is coming "shortly" (Dkt. No. 58 at 8, 10–11), a stay is not needed to avoid prejudice to Defendants or to simplify issues for purposes of the class certification proceedings.

   *Conclusion*. For the forgoing reasons, the Motion to Stay and for a Protective Order is **DENIED**. Plaintiff's motion to file a limited sur-reply in response to Defendants' argument regarding *Drummer v. CoStar Group, Inc.*, Case No. 26-1160 (9th Cir. 2026, filed Feb. 27, 2026), which Defendants raised for the first time in reply, is **GRANTED**. (Dkt. No. 65.)

   **IT IS SO ORDERED.**

Dated: April 17, 2026

RITA F. LIN
United States District Judge